[No. 12221.  In Bank. — December 2, 1887.]

WILLIAM M. WAGGLE, SEN., APPELLANT, v. ROBERT E. WORTHY ET AL., RESPONDENTS.

INSOLVENCY — DISCHARGE — DEBTS AFFECTED BY. — A discharge in insolvency only affects such debts of the insolvent as existed at the time his petition was filed.

HOMESTEAD — VOID EXECUTION SALE. — The attempted execution sale of a homestead, under a judgment which cannot be enforced against it, is void.

ID. — ABANDONMENT OF HOMESTEAD — REMOVAL — SECOND HOMESTEAD. — The removal of a party from premises on which he has declared a homestead, after a void execution sale thereof, and his surrender of the possession to the execution purchaser, do not constitute an abandonment of the homestead, within the meaning of section 1243 of the Civil Code, so as to enable him to declare a second homestead on other land.

ID. — PARTY CANNOT HAVE TWO HOMESTEADS. — A party cannot have two homesteads; and if he attempt to acquire a second while the first is in force, the second is void.

APPEAL from an order of the Superior Court of Fresno County refusing a new trial.

The facts are stated in the opinion.

*George A. Nourse*, and *Nourse & Church*, for Appellant.

The judgment constituting the alleged encumbrance is conclusive against the judgment debtor, and cannot be collaterally attacked by her. (*Duchess of Kingston's Case*, 2 Smith's Lead. Cas. 655–843; Code Civ. Proc., secs. 1908, 1962, subd. 6; *Breeze* v. *Ayres*, 49 Cal. 208; *Rogers* v. *Druffel*, 46 Cal. 656; *Jones* v. *Gillis*, 45 Cal. 543; *Drake* v. *Duvenick*, 45 Cal. 455; *Truman* v. *Robinson*, 44 Cal. 623; *Gambetta* v. *Brock*, 41 Cal. 82.)  The homestead claimed by the defendant was ʿno homestead; for when she filed her declaration June 1, 1881, she already had another homestead on different land which she had never abandoned. (Civ. Code, sec. 1243; *Holden* v. *Pinney*, 6 Cal. 234; *Taylor* v. *Hargous*, 4 Cal. 268; 60 Am. Dec. 606; *Porter* v. *Chapman*, 65 Cal. 365; *Graves* v. *Baker* 68 Cal. 133.)

*Terry & Terry,* for Respondents.

HAYNE, C.—This is an action upon a covenant against encumbrances implied by statute, from the use of the word "grant" in a conveyance of real property. (Civ. Code, 1113.) The conveyance was made on July 5, 1884. The breach alleged is that the property was at the date of the deed subject to the lien of a judgment "suffered" by the vendor for $840.30, docketed on the 21st of March, 1884, under which the property was sold and subsequently redeemed by the plaintiff. The cause was submitted on briefs, but no brief for respondents is on file. So far as we can gather, the defenses were two, viz.: 1. That on February 12, 1884, the vendor had filed her petition in insolvency, and received her discharge from such claims as existed at the date of filing her petition; and 2. That the property was the homestead of the vendor, and therefore was not subject to the lien of the judgment. The court below gave judgment for the defendants, and the plaintiff appealed.

1. The discharge in insolvency could only affect such debts as existed at the time of the filing of the petition, viz., on February 12, 1884 (Ins. Act, sec. 51), and this is all that the discharge in question purported to do. The claim arising from the breach of a covenant made subsequently was not affected by it.

It may be that the debt upon which the judgment against the vendor was obtained was within its operation. But that matter was concluded by the judgment. If the discharge was not pleaded in that action, it was waived. If it was pleaded, and disregarded by the court, the judgment, however erroneous, was not void, and is not subject to collateral attack. The defendants cannot retry that action here.

2. The homestead claimed by the defendants to have prevented the lien of the judgment from attaching to the property was declared on June 1, 1881. To show the invalidity of this alleged homestead, the plaintiff proved

that the vendor had declared a homestead on other land on March 21, 1873. And in reply the defendants proved that this last-mentioned homestead had (previously to the declaration of the other homestead) been levied upon and sold under two judgments rendered by a justice of the peace. In relation to this the vendor testified as follows: " Immediately after the sale of my first homestead, the purchaser, Jacobs, demanded possession of me, and as I was poor and dreaded a lawsuit, I gave up possession and moved off the land. Jacobs went into possession, and since that time I have claimed no.interest in the said land embraced in my first homestead."

But so far as this record shows, the sale to Jacobs was of no effect. A homestead is exempt from execution, and·if the land was worth more than five thousand dollars (which does not appear), the proceedings provided by the code for admeasuring the excess (Civ. Code, secs. 1245 et seq.) should have been taken. This not having been done, the attempted sale was void. The homestead still existed, and was not abandoned by the claimants moving off the premises. In this state "a homestead can be abandoned *only* by a declaration of abandonment, or a grant thereof, executed and acknowledged," etc. (Civ. Code, sec. 1243.) It results that the first homestead was a valid and subsisting homestead at the time the second was attempted to be declared. A party cannot have two homesteads; and if he attempts to acquire a second while the first is in force, the second is void.

The second "homestead" being void did not prevent the lien of the judgment from attaching to the land conveyed to the plaintiff.

We therefore advise that the order denying a new trial be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order denying a new trial is reversed, and cause remanded for a new trial.