[No. 13852. In Bank. — May 26, 1891.]

THE PEOPLE, RESPONDENT, v. J. F. DUNN, APPELLANT.

COUNTY LICENSES — FIXING RATES — MEETINGS OF SUPERVISORS — REPEAL OF CODE PROVISION — COUNTY GOVERNMENT ACT — VOID ORDINANCE. — Section 4045 of the Political Code, passed March 13, 1883, providing that "the board of supervisors of each county must, on the first Monday of October of each year, fix the rates of county licenses," was repealed by section 22 of the County Government Act, passed March 14, 1883, providing that "the board of supervisors must by ordinance provide for the holding of regular meetings of the board at their respective county seats"; and after the board of supervisors of a county has provided for holding regular meetings, as required by section 22, it has no authority to fix the rate of county licenses at any other than the regular meetings or at a special meeting regularly called for that purpose; and an ordinance fixing rates, passed on the first Monday of October, without a regular meeting or special meeting regularly called for that purpose, is void.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial.

The facts are stated in the opinion.

*G. H. Colby*, and *J. E. Prewett*, for Appellant.

The ordinance is void, as it was passed at a time when the board was not in legal session. (*San Luis Obispo* v. *Hendricks*, 71 Cal. 243.) The board can legally act only when properly assembled. (Pol. Code, secs. 4032, 4033.) The following authorities refer to the boards of private corporations, but the principle applicable to them is even stronger when applied to public boards: *Bliss* v. *Kaweah C. & I. Co.*, 65 Cal. 502; *Mulligan* v. *Smith*, 59 Cal. 225; *Granger* v. *Original E. M. & M. Co.*, 59 Cal. 678; *Davis* v. *Rock Creek L. F. & M. Co.*, 55 Cal. 364; 36 Am. Rep. 40; *Southern Cal. etc. Ass'n* v. *Bustamente*, 52 Cal. 192; *Bee* v. *S. F. etc. R. R. Co.*, 46 Cal. 255.

*F. P. Tuttle*, for Respondent.

The board was not in session by virtue of section 4045 of the Political Code, but was in session in obedi-

ence to a provision making it the duty of the board to be so. (Pol. Code, sec. 3714.)

VANCLIEF, C. — This is a consolidation of four actions to recover from the defendant license taxes by virtue of an ordinance (No. 3) passed by the board of supervisors of Placer County on *Monday, the first day of October, 1883,* providing that persons selling spirituous liquors, etc., in said county must procure from the tax collector a license authorizing them to carry on that business, for which they must pay to the tax collector a tax of twenty-four dollars per quarter and a fee of one dollar; and further providing that the tax collector may authorize suit in the name of the people to be brought against any person who has carried on such business without license for the recovery of such tax, with fifteen dollars damages.

The trial was by the court without a jury, and judgment was rendered in favor of plaintiff " for the sum of $160, together with plaintiff's costs and disbursements incurred in this action, amounting to the sum of $109."

Defendant moved for a new trial on a bill of exceptions. A new trial was denied, and defendant appeals from the judgment, and from the order denying a new trial.

1. The appellant's principal point is, that the ordinance passed by the board of supervisors on Monday, October 1, 1883, was void, because the meeting on that day was not a regular meeting of the board, nor a special meeting called for that purpose.

Section 4045 of the Political Code, a new section, passed on March 13, 1883, provided (subdivision 3): " The board of supervisors of each county must, on the first Monday of October of each year, fix the rates of county licenses " (adding a proviso not material to the present purposes).

In *San Luis Obispo* v. *Hendricks,* 71 Cal. 243, it was decided that this provision was repealed by section 22 of

the County Government Act, passed March 14, 1883, which provides: "The board of supervisors must by ordinance provide for the holding of regular meetings of the board at their respective county seats."

And, as a consequence of such repeal, it was further held that *after* the board of supervisors has provided for holding regular meetings as required by section 22, above quoted, it has no authority to fix the rate of county licenses at any other than at one of the regular meetings thus provided for, or at a special meeting called for that purpose, according to section 23 of the County Government Act.

It appears that prior to October 1, 1883, to wit, on August 6, 1883, the board of supervisors of Placer County, by ordinance, provided that the regular meetings of that board should thereafter "be held at the office of the county clerk at Auburn on the first Monday in February, May, August, and November of each year, and continue in session until the business before it is disposed of." And it further appears that the meeting at which the ordinance on which this action. is brought was passed convened on October 1, 1883, and was not a continuance of any former meeting, nor a meeting specially called for the purpose of fixing the rate of county licenses. It was a special meeting held for the purpose of fixing the rate of county taxes in obedience to section 3714 of the Political Code, at which no other business could be done except on the conditions prescribed by section 23 of the County Government Act.

It follows from these facts, and the decision in the case of *San Luis Obispo* v. *Hendricks*, 71 Cal. 243, and cases therein cited, that the board of supervisors of Placer County had no authority to enact the ordinance fixing county licenses on the first day of October, 1883, and consequently that the ordinance is void.

I think the judgment and order should be reversed, and the cause remanded.

FITZGERALD, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded.