[No. 19039.    Department One. — March 23, 1893.]

COUNTY OF SAN DIEGO, Respondent, *v.* JOHN R. SEIFERT, Appellant.

License Tax — Ordinance of Supervisors — Action by County — Pleading — Uncertainty — Defects Cured by Answer and Judgment. — In an action by a county to recover a license tax imposed by an ordinance of the supervisors, where the complaint alleged that the defendant was required to procure a license tax under and by virtue of an ordinance of the board of supervisors of said county duly passed and approved at a regular meeting, and thereafter duly published as required by law, and alleged a failure, refusal, and neglect of defendant to pay such license tax, in violation of the ordinance, but did not allege specifically that defendant failed to take out a license, and the defendant, without demurring to the complaint for uncertainty, filed an answer taking issue upon the passage or approval of the ordinance, and upon the failure of the defendant to take out a license, it is too late after such answer, and after decision and judgment, to object that the complaint was uncertain, and did not show the existence of the ordinance, or a violation of the ordinance upon which the action was founded.

Id. — General Findings — Support of Judgment. — A general finding that all the allegations of the complaint are true, and the denials and allegations of the answer are untrue, is sufficient to support a judgment in favor of a county for the collection of a license tax sued upon.

Id. — Evidence — Ordinance Fixing Regular Meetings of Supervisors — Burden of Proof. — Where the question at issue is, whether an ordinance of the supervisors imposing a license tax was passed at a regular meeting, and the plaintiff introduced in evidence a prior ordinance of the supervisors, declaring that the regular meetings should be held on the first Monday of every month, the validity of which ordinance was not put in issue by the pleadings, the plaintiff is not required to show that the meeting at which such ordinance was passed was itself a regular meeting.

Id. — Presumption from Record of Ordinance. — The presumption arising from the existence of an ordinance upon the record of ordinances is sufficient to entitle it to be received in evidence without further proof, in the absence of evidence showing its invalidity.

Id. — Continuity of Regular Meeting of Supervisors — Attestation of Minutes Showing Adjournment — Unsigned Record. — Section

19 of the County Government Act, providing that the records and minutes of the board of supervisors must be signed by the chairman and clerk, merely has the effect to make their signatures evidence indentifying the minutes; and their failure to sign the minutes does not render the record inadmissible as proof of the action of the board, in meeting and adjourning, for the purpose of showing the continuity of the session of the board at a regular meeting; but if the handwriting of the entries, their contemporaneous character, and the official custody from which the record is produced are proved, the minutes are competent to show the action of the board.

ID. — ATTESTATION OF ORDINANCE ESSENTIAL TO VALIDITY. — The signing and attesting of the original ordinance by the chairman and clerk of the board of supervisors in the manner required by the County Government Act is essential to the validity of the ordinance. When the mode of enacting ordinances is prescribed, it must be pursued.

ID. — QUESTION OF FACT. — The question whether an ordinance was passed, signed, and attested is one of fact to be found by the court or jury upon legal evidence.

ID. — PRESUMPTION FROM RECORD — PRIMA FACIE CASE — BURDEN OF PROOF. — The record of an ordinance, accompanied with proof of proper publication, is sufficient to entitle it to be admitted in evidence, and is *prima facie* proof that the ordinance was passed, signed, and attested in the form in which it appears in the record, and casts the burden on the defendant of rebutting the presumption arising from the record.

ID. — EVIDENCE — ERROR IN PUBLICATION OF ORDINANCE. — Where the record of an ordinance is admitted in evidence, proof that in the ordinance as recorded one of the sections was different from the same section in the ordinance as published, without disclosing wherein it was different, is not sufficient to show a material error in publication.

ID. — OBJECT OF PUBLICATION — IMMATERIAL ERROR. — The object of publication of an ordinance is to impart notice to those who are or may be affected by its provisions; and if an error occurs in the publication, which does not affect the provisions of the ordinance affecting the liability of a party thereunder, or his defense against such liability, it should be held immaterial.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Reinoehl & Harrison*, and *Wellborn, Stevens & Wellborn*, for Appellant.

*Johnstone Jones*, and *John R. Aitken*, for Respondent.

The COURT. — This action is to recover from the defendant, Seifert, the sum of $120, the amount of a li-

cense tax imposed upon his business as a saloon-keeper for a period of twelve months, under an ordinance of the board of supervisors.

The cause was tried by the court, and findings and judgment passed in favor of plaintiff, and the defendant appeals from the judgment, and an order denying his motion for a new trial.

Appellant contends that the complaint does not state facts sufficient to constitute a cause of action, in that, — 1. Facts are not alleged showing the existence of the ordinance; and 2. That the complaint fails to show a violation of the ordinance upon which the action is founded. Upon this ground, defendant objected in proper time to the introduction of any evidence.

Neither of these points is well taken. The complaint alleges " that under and by virtue of the provisions of an ordinance of the board of supervisors of said county duly passed and approved at a regular meeting of the board held on the twenty-second day of January, A. D. 1890, and thereafter duly published as required by law, said ordinance being known as ordinance No. 48 of the ordinances of the county of San Diego, and entitled, etc., the defendant was required to procure a license from the tax collector, . . . . and to pay for such license the sum of ten dollars per month." This allegation might not have stood as against a demurrer for uncertainty, but no demurrer was filed. Furthermore, the defendant in his answer alleged that he had no information or belief as to the truth of the allegation above quoted, and therefore denied that the board of supervisors had duly or at all passed or approved ordinance No. 48, as in said allegation referred to.

The complaint alleged that the defendant " failed, refused, and neglected, and still does fail, refuse, and neglect, to pay such license tax, contrary to and in violation of the provisions of said ordinance." There is no allegation in the complaint that he failed to take out a license, but in his answer the defendant, " further answering, denies that he, during the times mentioned

in said complaint, or at any other time or times, have or had neglected, failed, or refused, or still neglect, fail, or refuse, to take out any license, as required by said ordinance." It is too late now, after answering to the merits, decision, and judgment, to raise the objections referred to. (Code Civ. Proc., sec. 475; *Harkness* v. *McClain,* 29 Pac. Rep. 964.)

The findings support the judgment. There is a general finding that all the allegations of the complaint are true, and the denials and allegations of the answer are untrue.

Several questions were made upon the trial, and discussed in the briefs, which will necessarily arise upon a new trial.

1. It is contended that ordinance 48 was not adopted at a regular meeting of the board.

For the purpose of proving that the meeting of the board at which this ordinance was passed was a regular meeting, plaintiff introduced in evidence ordinance No. 42, adopted January 11, 1889, declaring that the regular meetings of the board should be held monthly on the first Monday of each month. It is contended that plaintiff is required to show that ordinance 42 was adopted at a regular meeting also; that without such evidence, it cannot be shown that the meeting at which ordinance 48 was adopted was a regular one. In *People* v. *Dunn,* 89 Cal. 228, it was held that an ordinance fixing rates of county licenses must be passed at a regular meeting, or at a special meeting called for that purpose.

That the board must be regularly convened to perform any official act is true; but the legality of ordinance 42 was not put in issue by the pleadings, and the presumption arising from its existence upon the record of ordinances was quite sufficient to entitle it to be received in evidence without further proof. (Code Civ. Proc., sec. 1963, subd. 15; sec. 1918, subd. 5; sec. 1920.) The presumption is, of course, a disputable one, but the burden of showing its invalidity was upon the defendant.

But upon this point appellant further contends that

the meeting at which ordinance No. 48 was passed was not a regular meeting, even if ordinance No. 42 was valid, for the reason that the regular meeting held January 6, 1890, was not regularly continued from day to day until January 22d, upon which last-named day, it is claimed, the ordinance was passed. This objection is based upon the fact that the minutes of two of the intervening meetings were not attested by the clerk, and that the minutes of another meeting were not signed by the chairman nor attested by the clerk.

Section 19 of the County Government Act (Deering's Supplement, 192) provides: "The records and minutes of the board must be signed by the chairman and the clerk." Substantially the same provision existed in the sixth section of the "act to create a board of supervisors" (Hittell's Gen. Laws, sec. 6975); and that provision was considered by this court in *People* v. *Eureka Lake etc. Co* , 48 Cal. 145. In that case the court said: "The action recorded is not the action of the chairman or clerk. They sign the minutes, not as certifying to their own official action, but as witnesses that the record is the record made by the clerk under the direction of the board. . . . . The statute does not declare that the record shall not be proof of the action of the board if not signed by the officers named, but the effect is only to make their signatures evidence, identifying the minutes. The failure of the chairman and the clerk to discharge the particular duty simply imposed on the party desiring to prove the official action of the board some additional trouble in establishing the handwriting of the entries, their contemporaneous character, and the official custody from which the book was produced." Upon this authority the minutes of the meetings, if proved as there indicated, were competent to show that the board met and adjourned at the times therein stated, for the purpose of showing the continuity of the session, and that the meeting of the board on the 22d of January was a regular one.

The custom of the chairman as to the time and cir-

cumstances under which he signed the minutes could be material only so far as it tended to explain the omission to sign them.

2. The question whether the ordinance was signed by the chairman and attested by the clerk, as required by the County Government Act, was seriously controverted. That the signing and attesting are necessary to the passage and validity of the ordinance is clear. The statute conferring upon the board the power of enacting ordinances specifies the manner in which it shall be exercised. (Deering's Supplement, p. 197, sec. 26.) "When the mode of enacting ordinances is prescribed, it must be pursued." (Dillon on Municipal Corporations, sec. 309.) This signing by the chairman and attesting by the clerk is intended by the statute to be upon the original ordinance. Section 20, subdivision 9, of the same act makes it the duty of the clerk to "authenticate with his signature and the seal of the board all ordinances or laws passed by the board, and to record the same at length in the ordinance-book." Section 21 provides: "The board must cause to be kept, . . . . 6. An ordinance-book, in which must be entered all ordinances or laws duly passed by the board."

The question whether the ordinance was passed, signed, and attested is one of fact which need not be considered upon this appeal. The record of the ordinance, accompanied with proof of proper publication, is sufficient to entitle it to be admitted in evidence, and is *prima facie* proof that the ordinance was passed, signed, and attested in the form in which it appears in the record, and casts the burden on the defendant of producing evidence sufficient to rebut the presumption arising from the record, at least as to some particular essential to its validity.

The principal question, therefore, is one of fact to be found by the court or jury upon legal evidence, as in other cases.

3. It was developed upon the trial that there was a difference between the ordinance as recorded and as

published; but what the defect was, further than that "section 16 is different," was not disclosed. The object of publication is to impart notice to those who are or may be affected by its provisions. If an error occurs in the publication which does not affect the provisions of the ordinance affecting the defendant's liability, or his defense against such liability, it should be held immaterial. More cannot be said, in the absence of definite knowledge of the defect in the published ordinance.

The judgment and order appealed from are affirmed.