[S. F. No. 3043. In Bank.—March 23, 1903.]

ELIZABETH LANGE, Respondent, v. JOHN GEISER, Appellant.

HOMESTEAD—VOID MORTGAGE BY WIFE—CONVEYANCE FROM HUSBAND TO WIFE.—A mortgage upon the homestead by the wife alone is void, and will not be validated by a subsequent dissolution of the marriage or termination of the homestead; and, being a nullity, is not affected by a subsequent conveyance of the homestead by the husband

to the wife, and the title thus acquired by the wife subsequent to the mortgage cannot inure to the mortgagee as security for the debt.

ID.—PLEADING—DEMURRER—REFUSAL TO ANSWER—EQUITABLE DEFENSE. —If there are equitable considerations meriting the attention of the court, and sufficient to warrant the withholding from plaintiff of the decree which she seeks, those considerations must be presented by answer, and not by demurrer, when they do not appear on the face of the complaint. Where the defendant, when his demurrer was overruled, refused to answer and allowed judgment to be taken against him, it cannot be objected upon appeal that equity will not aid the plaintiff in decreeing the mortgage to be void, without restoration of the consideration received by her.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

J. Rollin Fitch, for Appellant.

Ben B. Haskell, for Respondent.

HENSHAW, J.—This is an appeal from a judgment rendered in favor of the plaintiff after demurrer overruled to the complaint and defendant's refusal to answer. The object of plaintiff's action was to quiet her title to the lands described in the complaint against the mortgage executed by her to defendant Geiser. The complaint alleges that while plaintiff and Theodore Lange were husband and wife, the husband purchased the property in question. Thereafter the husband declared a homestead upon the property, after which he conveyed it to his wife. Following this conveyance, she alone executed the mortgage to the defendant Geiser. Subsequent to all these acts and transactions the Langes were divorced, but the decree made no disposition of the land impressed with the homestead.

The trial court decreed the mortgage to be void. Upon this appeal no question is raised as to the character of the title thus acquired by plaintiff, but the contentions are based upon the concession that her title is good. These contentions are,— 1. That the title acquired subsequent to the mortgage inures to the mortgagee as security for his debt (Civ. Code, sec. 2930); and 2. That equity will not aid the plaintiff in decree-

ing the mortgage to be void, without restoration by her of the consideration which she has received.

As to the first proposition, it is the settled law of this state that neither spouse can alienate or encumber the homestead without the joint act of the other, and that the effort so to do is a nullity, and will not be validated by a subsequent dissolution of the marriage or termination of the homestead. (*Gleason* v. *Spray,* 81 Cal. 217; [1] *Powell* v. *Patison,* 100 Cal. 236; *Hart* v. *Church,* 126 Cal. 476; [2] *Freiermuth* v. *Steigleman,* 130 Cal. 395.[3]) As to the second contention it is enough to say that if there were equitable considerations meriting the attention of the court and sufficient to warrant the withholding from plaintiff of the decree which she sought, those considerations should have been presented by answer. They do not appear upon the face of the complaint. But the defendant refused to answer.

The judgment is therefore affirmed.

McFarland, J., Van Dyke, J., Shaw, J., Lorigan, J., and Angellotti, J., concurred.