[Civ. No. 1298.   Third Appellate District.—November 30, 1914.]

## CHRESTINA MAGNESON, Respondent, v. PACIFIC MANUFACTURING COMPANY (a Corporation), Appellant.

HOMESTEAD—SELECTION BY WIFE—SEPARATE PROPERTY OF HUSBAND—PROPERTY IMPRESSED WITH.—A married woman has the right to select a homestead from the separate property of her husband; and where the selection has been made as provided by law, the homestead is impressed upon the dwelling-house in which the claimant resides and upon the land on which the dwelling-house is situated.

ID.—HOMESTEAD EXEMPTION—WHEN HOMESTEAD SUBJECT TO FORCED SALE.—Under section 1240 of the Civil Code, a homestead selected as provided by law is exempt from execution or forced sale except as provided in title V of the Civil Code; and under section 1241 of the Civil Code such homestead is subject to execution or forced sale in satisfaction of judgments obtained: 1. Before the declaration of homestead is filed for record, and which constitute liens upon the premises. 2. On debts secured by mechanics, contractors, subcontractors, artisans, architects, builders, laborers of every class, materialmen's or vendor's liens upon the premises. 3. On debts secured by mortgages on the premises, executed and acknowledged by husband and wife, or by an unmarried claimant. 4. On debts

secured by mortgages on the premises, executed and recorded before the declaration of homestead was filed for record.

ID.—JUDGMENT—WHEN HOMESTEAD NOT SUBJECT TO—EXECUTION SALE —CLOUD ON TITLE—RIGHT OF WIFE TO HAVE TITLE QUIETED.—A judgment against a married man, in an action brought after the filing of a declaration of homestead by his wife upon the separate property of the husband, in which action an attachment was levied upon the homestead property, and thereafter an attempted sale was made under execution issued upon the judgment, but no application having been made for an appraisal of the homestead, does not fall within any of the exceptions to the general rule as to the exemption of the homestead specified in section 1241 of the Civil Code; and the homestead not being subject to execution to satisfy said judgment, the purported levy and sale under it were of no legal effect, nor was the homestead thereby destroyed or subjected to any lien or encumbrance; at most, the effect of said levy and sale was to create an apparent cloud upon the homestead title and it was proper for the court in an action to quiet title by the wife to adjudicate the invalidity of the sale and determine that the homestead was unimpaired and unaffected by the abortive proceeding to subject it to sale to satisfy the judgment against the husband.

ID.—PROCEEDINGS TO ADMEASURE HOMESTEAD—SECTION 1245 CIVIL CODE AS AMENDED IN 1911.—Section 1245 of the Civil Code as amended in 1911 (Stats. 1911, p. 888) provides that when an execution for the enforcement of a judgment obtained in a case not within the classes enumerated in section 1241 is levied upon the homestead, the judgment creditor may, at any time within sixty days thereafter, apply to the superior court of the county in which the homestead is situated for the appointment of persons to appraise the value thereof and if such application shall not be made within sixty days after the levy of such execution, the lien of the execution shall cease at the expiration of said period, and no execution based upon the same judgment shall thereafter be levied upon the homestead.

ID.—ACTION TO QUIET TITLE—HOMESTEAD INTEREST OF WIFE—JUDGMENT WITHIN ISSUES.—In such a case, where the wife in a complaint to quiet title based her right of action upon an absolute ownership of the homestead property, and not upon her homestead claim, and the judgment creditor of the husband, by cross-complaint, alleged that the title to the property was in the husband subject to his lien under the execution sale, and the wife in her answer to the cross-complaint denied that the husband at any time after the declaration of homestead was the owner in fee or otherwise of any portion of the property and denied that the cross-complainant had any lien on the property and set forth her claim as to the homestead, the issues were clearly presented as to the title of the plaintiff and her husband to the property, the validity and effect of the homestead declaration and the interest, if any, acquired by the cross-complainant through the levy of execution and the sheriff's

sale; and the contention that the judgment in determining that the wife had a homestead interest in the property and that the husband was the owner in fee simple thereof was not within the issues, cannot be maintained.

Id.—Character of Property—Validity of Homestead.—In such a case, to uphold the judgment it was not essential that the court should find that the property was the separate property of the plaintiff. As far as the homestead interest and the rights growing therefrom affected the controversy, it was of no consequence whether the legal title to the property was in the wife or her husband or in the community; if any of these conditions existed, by reason of the declarations of homestead, the property would become exempt from execution and sale.

Id.—Findings—Consistency of.—In such a case there is no inconsistency in the finding that "on the 20th day of February, 1911, said O. M. Magneson was the owner in fee" of said premises and that said plaintiff Chrestina Magneson "is now and at all times since the 20th day of February, 1911, has been the owner of a homestead interest and title in and to" said property.

Id.—Finding Must be Within Issues of Pleadings—Plaintiff Must Recover Upon Own Title.—It is elementary that the court in its findings cannot go outside of the issues raised by the pleadings, and that the plaintiff must recover, if at all, upon the strength of his own title and not on the weakness of that of his adversary.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

W. B. Rinehart, for Appellant.

James H. Boyer, for Respondent.

BURNETT, J.—The action was to quiet title, the complaint being in the usual form, plaintiff alleging absolute ownership in herself. Defendant filed an answer and a cross-complaint denying the title of plaintiff and setting up that O. M. Magneson, the husband of plaintiff was, on the sixth day of February, 1911, and ever since has been, the owner of said premises, subject to defendant's claim as follows: That said property was attached by defendant in an action brought by it against said O. M. Magneson and, upon recovery of judgment, said property was sold by the sheriff under execution and purchased by defendant herein and a certificate of sale issued

to it.  Defendant prayed that it be decreed that it holds a valid lien upon said property by virtue of said sale and for general relief.

Plaintiff answered said cross-complaint, denying the material allegations thereof and setting up the occupancy of said premises as a dwelling by plaintiff and her husband during all the time mentioned in said cross-complaint and also the due execution and recordation of a declaration of homestead by herself on said premises prior to the levy of said attachment.

The court found that, on the twentieth day of February, 1911, said O. M. Magneson was the owner in fee and he and his wife, plaintiff herein, were then in the possession and entitled to the possession of the property in controversy; that on said date, while so residing with her husband and occupying the dwelling-house on said premises, said Chrestina Magneson "duly selected and claimed said premises as a homestead for the joint benefit of herself and her said husband" and properly executed and filed for record a declaration of homestead in due form; that, at no time prior to the recording of said declaration of homestead by plaintiff had she or her husband "made, executed or recorded, any declaration of homestead on said or any other property.  That said homestead has never been released or abandoned and remains in full force and effect."  The findings also set out the statements contained in said declaration of homestead, showing a full compliance with the requirements of the law.  The court further found that, on and prior to February 6, 1911, O. M. Magneson was indebted to defendant in the sum of $2,567.59 and that, on March 22, 1911, suit was brought for its recovery and a writ of attachment was levied on said homestead; that judgment was recovered on April 29, 1912, for said amount and a writ of execution was issued and levied on said property and the same was duly sold by the sheriff to the defendant on June 7, 1912; that said defendant, Pacific Manufacturing Company, did not, prior to said sale or at any time, apply to the superior court for the appointment of persons to appraise the value of said homestead and no persons were ever appointed by said court in said action to appraise the value of said homestead; that said sale was illegal and void and conveyed no title to said Pacific Manufacturing Company.

From the foregoing the court deduced the conclusion that "said plaintiff, Chrestina Magneson, now and at all the times since the 20th day of February, 1911, has been the owner of a homestead interest and title in and to the real property hereinbefore and in the complaint herein described and said defendant Pacific Manufacturing Company has not any right, title or interest in or lien upon said land or premises, or any part thereof. Plaintiff, Chrestina Magneson, is entitled to a judgment of this court against said defendant, quieting her homestead title and interest in and to said property." Accordingly, a decree was entered quieting her title to said homestead interest.

No other conclusion could have been legally drawn from the facts found by the court. This is made apparent by the plain terms of the statute.

The homestead was selected as provided by the law and therefore its character became impressed upon the dwelling-house in which plaintiff resided and upon the land on which said dwelling-house was situated. (Civ. Code, sec. 1237.) The claimant, being married, had the right to select the homestead from the separate property of her husband. (Civ. Code, sec. 1238.)

The effect of said selection, as far as important here, is provided and declared in sections 1240 and 1241 of said code as follows: "The homestead is exempt from execution or forced sale, except as in this title provided." "The homestead is subject to execution or forced sale in satisfaction of judgments obtained: 1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises. 2. On debts secured by mechanics, contractors, subcontractors, artisans, architects, builders, laborers of every class, materialmen's or vendor's liens upon the premises. 3. On debts secured by mortgages on the premises, executed and acknowledged by husband and wife or by an unmarried claimant. 4. On debts secured by mortgages on the premises, executed and recorded before the declaration of homestead was filed for record."

It is clear that the said judgment against said O. M. Magneson does not fall within any of said exceptions to the general rule as to exemption of the homestead.

As clear as language can make it, therefore, the homestead of plaintiff was not subject to execution to satisfy said judg-

ment. The purported levy and sale were and each of them was, consequently, of no legal effect. Said homestead was not thereby destroyed nor subjected to any lien or encumbrance. At most, the effect of said levy and sale was to create an apparent cloud upon the homestead title and it was proper for the court in this action to adjudicate its invalidity and determine that said homestead was unimpaired and unaffected by said abortive proceeding to subject it to a sale to satisfy a judgment against the husband rendered long subsequent to the selection of the homestead.

It seems hardly necessary. to comment upon the terminology of said sections of the code. The language is so plain and its meaning so well settled that additional definition or description is not called for. Assuredly, the expression, "exempt from execution," can create in the mind of appellant's counsel no doubt as to the intention of the legislature. Of course, if it is *exempt* from execution the homestead is *not liable* to execution. If not liable it cannot be impaired or affected by an attempted levy of execution. In legal effect, therefore, plaintiff's title to and interest in the homestead was just the same after said purported levy and sale as before. ·

But, while the *homestead* is thus exempt, the statute contemplates that one selected as this was may not exceed the value of five thousand dollars and a method is provided whereby said exemption may be limited to said amount. The course to be pursued thus to limit it is prescribed by the sections of the Civil Code from 1245 to 1254, inclusive. It is necessary to quote only said section 1245 as amended in 1911 (Stats. 1911, p. 888) : "When an execution for the enforcement of a judgment obtained in a case not within the classes enumerated in section 1241 is levied upon the homestead, the judgment creditor may at any time within *sixty days* thereafter apply to the superior court of the county in which the homestead is situated for the appointment of persons to appraise the value thereof and if such application shall not be made within sixty days after the levy of such execution the lien of the execution shall cease at the expiration of said period, and no execution based upon the same judgment shall thereafter be levied upon the homestead."

The execution here was levied on said homestead April 30, 1912, and the action was commenced July 16, 1912, more than

sixty days thereafter, and it was tried November 6, 1912, nearly six months after said levy, and no application was ever made for the appointment of appraisers. The lien of said execution, therefore, if any existed, ceased by virtue of said statutory provision and for all purposes of this case said homestead must be considered as one not to exceed five thousand dollars in value and entirely exempt from said execution.

If any authority be needed in support of conclusions that are so obvious, we may refer to *Lubbock* v. *McMann,* 82 Cal. 230, [16 Am. St. Rep. 108, 22 Pac. 1145]; *Sanders* v. *Russell,* 86 Cal. 120, [21 Am. St. Rep. 26, 24 Pac. 852], and *Roth* v. *Insley,* 86 Cal. 141, [24 Pac. 853]. In the first of these it is said: "When the attributes of residence and selection according to law exist so as to express its essence, the homestead becomes an *estate in the premises* selected, exempted by law from forced sale. They may be of greater or less value than the interest in them exempted by law. The excess, if there be one, in value, though it may be homestead in fact, is subject to the *jus disponendi* of the owner and the claims of his creditors. (*Ham* v. *Santa Rosa Bank,* 62 Cal. 139, [45 Am. Rep. 654].) But it does not follow that the excess in value is subject to seizure and sale at the instance of an execution creditor. If the property so impressed with the character of homestead is worth more than the homestead exemption, and the creditor desires to avail himself of that excess, the proceedings provided by the code (Civ. Code, secs. 1245–1259) must be taken for the admeasurement and application of such excess. (*Woggle* v. *Worthy,* 74 Cal. 268, [15 Pac. 831].) A judgment creates no lien upon property thus affected, and a levy gives no right except to inaugurate the proceedings for the admeasurement of such excess. (*Barrett* v. *Sims,* 62 Cal. 440.) It follows that a sale, unless made under order of court, and for purposes of segregation of the excess as provided in the sections referred to, would convey no title. But though the sale of a homestead under execution conveys no title, it may create a cloud and involve the homestead claimant in litigation, and will therefore be enjoined. (*Culver* v. *Rogers,* 28 Cal. 520; *Eby* v. *Foster,* 61 Cal. 287.)"

Appellant contends that the judgment is erroneous for the reason that respondent based her right of action not on a *homestead claim* but upon absolute ownership and the court found that she had in the property a homestead interest and

that O. M. Magneson was the owner in fee and that therefore
the judgment was not within the issues and opposed to and
inconsistent with the material allegations of the complaint.
We can find no merit in this position.  The situation seems
to be as follows: In her complaint plaintiff claimed title in
herself.   This was denied in the answer and in the cross-
complaint defendant alleged that the title to the property
was in O. M. Magneson subject to defendant's lien as afore-
said and a certain mortgage specifically referred to.   In her
answer to this cross-complaint plaintiff ''denies that said O.
M. Magneson ever since the sixth day of February, 1911, or
at any time since said date, has been, or is now, or at any time
mentioned in said cross-complaint, was the owner in fee or
otherwise or at all of said or any portion of said described
premises, or the holder thereof; and denies that said defend-
ant and cross-complainant has or ever had any lien thereon,''
and ''for a further and separate answer and defense'' to said
cross-complaint, plaintiff fully set forth her claim as to the
homestead.

The issues were thus clearly presented as to the title of
plaintiff and of O. M. Magneson to said property, the validity
and effect of the homestead declaration of plaintiff and the
interest, if any, acquired by defendant through said levy and
sheriff's sale.

It was the duty of the court to determine the issues raised
by the cross-complaint and answer as well as those presented
by the complaint and therefore the court did find that the
title to the property was vested, on February 20, 1911, in
O. M. Magneson, but that by reason of said declaration of
homestead plaintiff became the owner of a homestead interest
and title therein and that defendant's attempted sale of said
premises was illegal and void and therefore defendant was
without any title or interest in or to said property or any
part thereof.

Manifestly, to uphold the judgment it was not essential that
the court should find that the property was the separate estate
of plaintiff.   As far as the homestead interest and the rights
growing therefrom affect the controversy here, it is of no con-
sequence whether the legal title to the property was in plain-
tiff or her husband or the community.   If any of these con-
ditions existed by reason of the said declaration of homestead,

the property would become exempt from the execution and sale attempted by defendant.

Nor is there any inconsistency in the finding that, "on the 20th day of February, 1911, said O. M. Magneson was the owner in fee" of said premises and that said plaintiff, Chrestina Magneson, "is now and at all times since the 20th day of February, 1911, has been the owner of a homestead interest and title in and to" said property. It is to be noticed that the court does not find that said O. M. Magneson has been the owner in fee since said February 20, as seems to be assumed by appellant. We are not, therefore, called upon to consider whether such finding would be inconsistent with the determination of the homestead interest to be in plaintiff, nor does it seem necessary or advisable to attempt any technical disquisition as to the exact nature of the homestead title or claim. It is sufficient to ascertain that there was and is a valid homestead interest vested in plaintiff and that, under the conditions shown to exist, it was unaffected by said proceedings of defendant.

In none of the cases cited is there anything held to lead us to doubt the integrity of the judgment herein.

It is elementary, as held in *Reilly* v. *Wright*, 117 Cal. 77, [48 Pac. 970], and *Schroeder* v. *Aden Gold Mining Co.*, 144 Cal. 628, [78 Pac. 20], that the court in its findings cannot go outside of the issues raised by the pleadings and that the plaintiff must recover, if at all, upon the strength of his own title and not the weakness of that of his adversary.

In *Tappendorf* v. *Moranda*, 134 Cal. 421, [66 Pac. 491], it was stated: "It was essential to the plaintiff's cause of action that her complaint should show that the land sued for was covered by a valid declaration of homestead. Otherwise she could not sue alone, but the right of action would have been in her husband. (Code Civ. Proc.; sec. 370.) "

The foregoing case might afford appellant some comfort if there had been here no allegation as to the homestead, but that issue, as we have seen, was presented by the answer to the cross-complaint. In other words, if the complaint had been the only pleading on the part of plaintiff, no claim not included therein could have been maintained by her. But, having stated a cause of action and other issues having been made by other pleadings, it was proper to find the facts included therein as they were disclosed by the evidence.

In *MacLeod* v. *Moran,* 11 Cal. App. 622, [105 Pac. 932], the property involved appeared to be community property and therefore it was necessary for the wife to allege that the land was covered by a valid declaration of homestead in order to justify the action by herself alone.

We are satisfied that the appeal, being on the judgment-roll alone, is without substantial merit and the judgment is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.