[Civ. No. 4545. First Appellate District, Division Two.—June 18, 1923.]

W. C. PRICE et al., Respondents, v. CENTRAL SAVINGS BANK OF OAKLAND (a Corporation), Appellant.

[1] HOMESTEADS — DECLARATION UPON ATTACHED PROPERTY — JUDGMENT—BANKRUPTCY—CLOUD UPON TITLE.—Where the defendant, after suit brought and attachment levied, but prior to judgment, executes and records a declaration of homestead upon the attached real property and, after going through bankruptcy, secures an order in such action perpetually staying the issuing of an execution upon the judgment against him, but the plaintiff in such action asserts and claims that the said judgment is still in full force and effect, and its acts and claims have created and caused doubts as to the validity of the homestead rights of the judgment defendant and his wife in and to the homestead premises and have rendered it impossible for them to sell or mortgage the said premises, they require a decree removing that cloud from the title to their homestead property.

[2] ID.—REMOVAL OF CLOUD—EQUITY.—The judgment defendant having complied with the statutory requirements concerning declarations of homestead and bankruptcy, he and his wife are entitled to a decree removing the cloud from the homestead premises, notwithstanding the judgment was a just one and they have made no offer to pay it or to do equity in any way whatever.

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley for Appellant.

P. L. Benjamin for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendant to remove a cloud on the title to their real estate. The defendant answered; thereafter the plaintiffs gave notice of a motion for judgment on the pleadings; thereupon the defendant gave notice of a motion for judgment on the pleadings, and both motions came on for hearing at the same time. The trial court granted the

motion of the plaintiffs, and from the judgment so entered the defendant has appealed.

On July 20, 1917, the appellant commenced an action against W. C. Price and took out a writ of attachment and levied the same on the real estate standing of record in the name of W. C. Price. On May 20, 1918, W. C. Price duly executed and recorded a declaration of homestead on said real estate. Judgment in that action was entered on July 9, 1918, for the sum of $37,875.03 plus $35.85 costs, and the judgment has never been paid, nor has W. C. Price, or Helen V. Price, ever offered to pay the judgment or any part or portion thereof. On July 3, 1918, W. C. Price was adjudicated a bankrupt, and on September 14, 1918, he was discharged in bankruptcy. On October 19, 1921, W. C. Price appeared in the first action and on motion obtained an order perpetually staying the issuing of any execution upon the said judgment. On August 8, 1921, the plaintiffs filed this action and after reciting many of the foregoing facts they also alleged, "That the defendant asserts and claims that the said judgment so as aforesaid rendered and entered in its favor against the said W. C. Price is still in full force and effect, notwithstanding the said discharge in bankruptcy, and that the said judgment is a valid and existing lien upon and against the said homestead premises, notwithstanding their homestead character as aforesaid, and that it is entitled to have a writ of execution issued on said judgment and to have the said homestead premises sold under the said writ of execution." And they further allege that "the said docketing of the judgment and the said assertions and claim by defendant of a lien upon said homestead premises as aforesaid have created and caused doubts as to the validity of the said homestead right of plaintiffs in and to the said homestead premises, and as to the exemption of said homestead premises from sale under any writ of execution that may be issued upon the said judgment, and have thereby clouded and rendered doubtful and questionable the validity of said homestead and the rights of plaintiffs. . . ." Thereupon they prayed that it be decreed that this defendant "has no claim or lien or right of any kind in, to, upon, or against the said homestead

premises . . . ,'' and that it be enjoined from asserting the contrary.

In its answer the defendant admitted all of the allegations of the complaint and alleged in appropriate form the nonpayment of the judgment and no tender of payment or offer to do equity in any way whatever. It will be noted that the defendant's judgment against the plaintiffs was apparently a just judgment; that the plaintiffs have not paid it nor offered to pay it; but, on the other hand, they have taken advantage of the bankruptcy laws and the homestead statutes for the purpose of avoiding the payment of said judgment. In taking that course the laws of the land fully authorize their acts. In so far as the record discloses every single statutory provision in favor of the plaintiffs has been fully and completely respected and upheld by the courts. Regarding the acts of the plaintiffs, the defendant perchance may claim that such acts were immoral, but as was said in *Ontario State Bank* v. *Gerry,* 91 Cal. 94, 98 [27 Pac. 531, 532], ''There is no question here about the morality of the transaction. It is simply a matter of statutory provision.''

Challenging the judgment rendered by the trial court, the appellant contends that the judgment should not have been in favor of the plaintiffs, (1) because even though the judgment was discharged in bankruptcy and the attachment lien was dissolved by the lapse of time, the moral obligation to pay the debt remained and respondents should have been required to do equity and discharge the same as a condition precedent to the grant of equitable relief, and (2) because the respondents had already applied for, and actually obtained, in the principal action a decree perpetually staying execution so that they had already obtained adequate relief at law and the court of equity had no jurisdiction to make its decree. As to the first reason assigned, it is sufficient to state that the discharge in bankruptcy operated to relieve the plaintiff, W. C. Price, from the legal obligation to pay the judgment, and as to the second contention it may be said that the relief granted by the motion in the trial court was not in all respects the relief sought in the instant case. As to both contentions it cannot be stated as a broad proposition that

equity will not grant relief to a homesteader under the facts involved in this case. This proposition will be made more apparent as we proceed.

The appellant also contends that the respondents did not require equitable relief (1) because the decree perpetually staying execution fully protected the homestead interest and afforded adequate relief at law, and (2) because respondents did not require a decree to facilitate the sale of the premises for a sale would terminate the homestead and thereby render protection unnecessary, and (3) because, if the homestead is voluntarily sold, the statute fully protects the proceeds of sale, thus rendering a decree of a court of equity wholly unnecessary. Each of the last propositions is nearly correct, but is slightly inaccurate. [1] It will be observed that the answer admitted all the allegations of the plaintiffs' complaint, and that in their complaint the plaintiffs had alleged, "That the defendant asserts and claims that the said judgment so as aforesaid rendered and entered in its favor against the said W. C. Price is still in full force and effect . . . ," and that the acts and claims of the defendant "have created and caused doubts as to the validity of the said homestead right of plaintiffs in and to the said homestead premises . . . and have rendered it impossible for plaintiffs to sell or mortgage the said homestead premises, and will continue to cloud the title of plaintiffs to said homestead premises and the homestead right of plaintiffs. . . ." Comparing one with the other, it must be conceded that the order staying execution was not addressed to the matters contained in the quotations which we have just made from the pleadings. To say that the respondents did not require a decree to facilitate a sale is to ignore a fact admitted by the pleadings. Conceding that if a sale is made the statute protects the proceeds · leads us nowhere. There can be no proceeds of a sale if, as alleged in the complaint, no sale can be had so long as the record title stands as it stood before the decree in the instant case.

[2] The contention of the appellant that the respondents are not entitled to a decree until they do equity is a fundamental rule. But we do not believe that the rule is to be applied in a case brought by a homesteader in which it is an admitted fact that although he has complied with

every statute, nevertheless one of his former creditors is making such contentions that the homestead can neither be sold nor mortgaged. The right to mortgage and the right to sell a homestead are two valuable property rights which the homesteader is entitled to have fully protected by the decrees of the courts. Without first paying the moral obligation, or offering to do so, the homesteader or his grantee has applied to the courts and has been given relief at law, or in equity, when necessary, fully protecting the homestead and the incidental rights flowing therefrom. Thus in the case of *Lubbock* v. *McMann*, 82 Cal. 226, 234 [16 Am. St. Rep. 108, 22 Pac. 1145], the supreme court affirmed the judgment of the trial court issuing an injunction against the sheriff restraining him from selling the homestead property. To the same effect was *Roth* v. *Insley*, 86 Cal. 134 [24 Pac. 853]. In the case of *Security Loan etc. Co.* v. *Kauffman*, 108 Cal. 214 [41 Pac. 467], the court affirmed a judgment in favor of the homesteader's wife, refusing to foreclose a mortgage on the homestead which she had not executed on her part. *Lange* v. *Geiser*, 138 Cal. 682 [72 Pac. 343], is closely parallel to the instant case; but it will be conceded that the answer of this appellant slightly distinguishes the case at bar from the Lange case. In the case of *Magneson* v. *Pacific Mfg. Co.*, 26 Cal. App. 52 [146 Pac. 69], the court affirming the judgment of the trial court rendered in favor of the wife of the homesteader in an action brought by her to quiet title. The latter case cites other cases from California where equity interfered to protect fully and completely the homestead right. So, in this case, we think that in view of the allegations of the pleadings, the trial court did not err in entertaining the application of the respondents for the relief which they sought.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.