[Civ. No. 5950. First Appellate District, Division Two.—September 2, 1927.]

ISADORA D. HUGHES et al., Appellants, v. MARY E. BEEKLEY, Respondent.

Kenneth E. Matot for Appellants.

E. D. Martindale for Respondent.

PRESTON, J., *pro tem.*—This is an appeal by plaintiffs from a judgment of the superior court of Los Angeles County, dismissing the action upon the ground that the complaint does not state facts sufficient to constitute a cause of action. Defendant has not submitted any authorities or made any argument in support of the judgment of dismissal that she obtained in the trial court. The appellants state that the trial court granted the motion of defendant to dismiss the action for the reason "that in as much as the complaint did not state that an execution had been issued and that appraisers had been appointed within sixty days as required by section 1475 of the Code of Civil Procedure, the complaint did not state facts sufficient to constitute a cause of action."

In this statement appellants are obviously in error, as section 1475 of the Code of Civil Procedure refers to the procedure to be taken when a homestead is selected by a person in his lifetime and is returned in the inventory and appraisement of his estate appraised at not exceeding five thousand dollars, the superior court must set it aside to the person entitled and further provides for the payment of the debts of deceased and the enforcement of any liens or encumbrances on the homestead, etc. This section could not possibly have the remotest bearing upon the case presented by the pleadings here.

Plaintiffs might have intended to refer to sections 1245, 1246 et seq. of the Civil Code, but there is nothing in the answer or anywhere in the record to show that defendant has made any application to the court for relief under the provisions of these sections.

Therefore, we are left entirely in the dark as to the theory or ground upon which the judgment of dismissal was entered.

The complaint after alleging the formal matters and that plaintiffs have been husband and wife since April 24, 1920, states:

## "II.

"That on the 24th day of April, 1920, and for some time prior thereto, the plaintiffs herein were the owners of that certain parcel of land situated in the City of Los Angeles, County of Los Angeles, State of California, and more particularly described as follows, to-wit: (Here follows description of real estate.)

## "III.

"That on the 24th day of April, 1920, the plaintiff, Isadora D. Hughes, for the purpose of preserving the above described premises as a permanent home for herself and husband, Leroy H. Hughes, did make her Declaration of Homestead on said premises, and that said Declaration of Homestead was duly recorded in the office of the County Recorder of Los Angeles County, . . .

## "IV.

"That said Declaration was recorded in the Office of the County Recorder of Los Angeles County on the 24th day of April, 1920, and that before and on said day the plaintiffs were living together as husband and wife on said premises and that said premises have at all times since been the home and residence of plaintiff. That said premises were and now are of the value of less than five thousand dollars and of the approximate value of forty-five hundred dollars.

## "V.

"That on the 24th day of January, 1921, the defendant herein, under the name of Mary E. Beekley, did secure a judgment in the Superior Court of Los Angeles County, in an action designated and entitled, Mary E. Beekley vs. Isadora D. Hughes, et al., No. B82092, and that said judgment was recorded in Judgment Book Number 517 at page 32 on the *22nd* day of January, 1921. . . .

## "VII.

"That said judgment is not a lien on the above said homestead premises, nor is the said premises subject to execution thereunder, as provided by statutes, and that all proceeds from said premises are exempt therefrom, but that said judgment clouds the title of plaintiffs thereto, and that the market value thereof has thereby been lessened to such an extent that said premises cannot be sold."

The complaint concludes with a prayer that plaintiffs' title be quieted and that defendant be forever barred from any claim to the property adverse to plaintiffs, etc.

■ There is a form of action, provided by section 3412 et seq. of the Civil Code, under which the pleader in the case at bar was evidently trying to state a cause of action. This section provides: "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Actions under this section are for the purpose of having instruments canceled or adjudged to be void, and such actions are usually called actions to remove clouds, and were quite common in the old chancery practice and constituted one of the applications of the principle "*quia timet*." (2 Story's Equity Jurisprudence, sec. 701; *Castro* v. *Barry*, 79 Cal. 443 [21 Pac. 946].) In this kind of action the statute provides (sec. 3413, Civ. Code) that if the instrument is void upon its face, or when construed with another instrument with which it is necessarily connected, the relief will not be granted. This provision is the embodiment, in statutory form, of an old and well-established rule of equity.

It is clear that the plaintiffs have not stated a cause of action under either of these sections. In *Hibernia Sav. & Loan Soc.* v. *Ordway*, 38 Cal. 681, in an action to remove a cloud, under section 3412, the court said, "There can be no question but that the facts which show the apparent validity of the instrument which is said to constitute the cloud, and also the facts showing its *invalidity ought to be stated*." See, also, *Castro* v. *Barry, supra.*

There is nothing alleged in the complaint showing that the judgment against the plaintiff, Isadora Hughes, is void or voidable for any reason; on the contrary, the conclusion drawn from reading the complaint is that said judgment is a valid and subsisting indebtedness against said plaintiff. For practically the same reason the complaint does not state a cause of action against the defendant under section 1050 of the Code of Civil Procedure, which authorizes an action by "one person against another for the purpose of determining an adverse claim, which the latter makes against the former for money or property upon an alleged obligation."

■ There is, however, an entirely different form of action provided for under section 738 of the Code of Civil Procedure which provides that, "An action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim. . . . " The provisions of this section are very broad. In *Castro* v. *Barry, supra,* the court said: "The statutory action to determine adverse claims is an improvement upon the old bill of peace. The statute enlarges the class of cases in which equitable relief could formerly be sought in the quieting of title. It is not necessary, as formerly, that the plaintiff should first establish his right by an action at law. 'He can immediately, upon knowledge of the assertion of such claim, require the nature and character of the adverse estate or interest to be produced, exposed, and judicially determined, and the question of title be thus forever quieted.' . . . Nor is it necessary that the adverse claim should be of any particular character. As said by Baldwin, J., delivering the opinion in *Head* v. *Fordyce,* 17 Cal. 151, the statute 'does not confine the remedy to the case of an adverse claimant setting up a legal title or even an equitable one; but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title *clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension.*' And the rule may be even more broadly stated, viz., that the action may be maintained by the owner of property to *determine any adverse claim whatever.* For if the defendant by his answer disclaims all interest whatever, judgment may, nevertheless, be entered against him though in such case it must be without costs." (See, also, *Hyatt* v. *Colkins,* 174 Cal. 580 [163 Pac. 1007].)

In *Landregan* v. *Peppin,* 94 Cal. 467 [29 Pac. 772], the court said: "It will be noticed that section 738 of the Code of Civil Procedure, which provides for the determination of adverse claims to realty, is very broad in its terms, and includes all adverse interests, from a claim of title in fee to the smallest leasehold, and unquestionably it is the duty of the defendant to set out his interest, whatever it may be, when called upon, under this section of the code. . . . The

main effect of said section is to give parties the right to compel others by suit to litigate and determine controversies in cases where such right did not before exist.''

While there is no direct allegation in the complaint, ''That defendant claims any interest or lien upon the property adverse to plaintiffs and that such claim is without right, etc.,'' as is generally alleged in actions to quiet title under section 738 of the Code of Civil Procedure, still the complaint does allege, ''that said judgment clouds the title of plaintiffs thereto, and that the market value thereof has thereby been lessened to such an extent that said premises can not be sold.'' No demurrer was interposed to this complaint. This allegation together with the other allegations of the complaint state a sufficient cause of action to quiet title under section 738 of the Code of Civil Procedure. If, however, it be conceded that the complaint standing alone, does not state a cause of action to quiet title, under section 738 of the Code of Civil Procedure, for a lack of averments of essential facts, such missing allegations are supplied by the answer.

The defendant by her answer denies among other things, first, that plaintiffs were actually living together as husband and wife *on said premises* at the time said homestead was made and recorded, thus putting in issue one of the essential elements to establish a valid homestead, for unless plaintiffs could prove these facts defendants' judgment would be a lien against said property. The answer further denies ''that said judgment mentioned in paragraph 5 of the complaint is not a lien upon the above said homestead, nor are the said premises subject to execution thereunder etc.'' Therefore defendant has put in issue the question whether the homestead is valid and also the question whether the judgment is a lien against the premises described in the complaint and thereby admits that she claims a lien upon the homestead property *adverse to the plaintiffs* and admits that she claims the homestead is invalid and that the property is subject to execution in satisfaction of her judgment, thus supplying the missing allegations in plaintiffs' complaint. In *Vance* v. *Anderson*, 113 Cal. 536 [45 Pac. 817], the court said: ''It is a familiar rule of pleading, that defects in a complaint may be cured by the averments of an answer thereto. (*County of San Diego* v. *Sei-*

*fert,* 97 Cal. 594 [32 Pac. 644]; *Harkness* v. *McClain,* 8 Utah, 52 [29 Pac. 964]; Code Civ. Proc., sec. 475; *Diefendorff* v. *Hopkins,* 95 Cal. 344 [28 Pac. 265, 30 Pac. 549]; *Schenck* v. *Hartford Fire Ins. Co.,* 71 Cal. 28 [11 Pac. 807]; *Cohen* v. *Knox,* 90 Cal. 266 [13 L. R. A. 711, 27 Pac. 215].)

"Pomeroy is of the opinion this rule of the curative property of an answer should be confined to cases in which the answer affirmatively alleges the very fact which is omitted from the complaint, but says it has sometimes been 'enforced, although the answer simply contained a denial of the necessary facts which should have been averred by the plaintiff.' (Pomeroy on Remedies, section 579.) The practice in this state has been to treat express denials as sufficient to cover the defect." (See, also, 21 Cal. Jur. 280, etc., and cases there cited.)

█ The homestead is exempt from execution or forced sale, except in the following cases:

"The homestead is subject to execution or forced sale in satisfaction of judgment obtained:

"1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises.

"2. On debts secured by mechanics, contractors, sub-contractors, artisans, architects, builders, laborers of every class, material men's or vendor's liens upon the premises.

"3. On debts secured by mortgages on the premises, executed and acknowledged by husband and wife, or by an unmarried claimant.

"4. On debts secured by mortgages on the premises, executed and recorded before the declaration of homestead was filed for record." (Civ. Code, secs. 1240 and 1241.)

It is not shown in the record anywhere that said judgment against the plaintiff, Isadora Hughes, falls within any of the above exceptions. Therefore, the homestead of plaintiffs, if found to be valid, is not subject to execution to satisfy said judgment of defendant and said judgment created no lien or encumbrance on said homestead property.

At most, the effect of said judgment and the claim of lien thereunder, asserted by defendant, was to create an apparent cloud upon the title to the homestead property and plaintiffs have a right to bring an action to quiet title and have the court determine that the title to said homestead property

is not subject to execution in satisfaction of such judgment and is unimpaired and unaffected thereby. (*Magneson* v. *Pacific Mfg. Co.*, 26 Cal. App. 52 [146 Pac. 69]; *Price* v. *Central Savings .Bank, etc.*, 62 Cal. App. 583 [217 Pac. 800].)

It follows, therefore, from what has been said that we are of the opinion that plaintiffs were entitled to have their case heard and determined by the trial court on the merits.

The judgment is reversed.

Sturtevant, J., and Koford, P. J., concurred.