[Civ. No. 644. Third Appellate District.—October 29, 1909.]

EMMA 'J. MacLEOD, Respondent, v. JOE MORAN, Appellant.

HOMESTEAD—DEED OF TRUST—ABANDONMENT TO TRUSTEES NOT ABSOLUTE—PAYMENT OF DEBT—RIGHT NOT LOST.—The abandonment of a homestead by the joint act of the husband and wife to trustees named in a deed of trust to secure the payment of a debt is not absolute, but only for the purposes of the trust, and where no title is passed by the trustees under the deed, but the debt secured is paid in full, the trust is thereby extinguished and the homestead right remains unaffected.

ID.—DECISION UPON FORMER APPEAL—LAW OF CASE.—The decision upon the former appeal (153 Cal. 97), as to the effect of the abandonment of the homestead to the trustees, is the law of the case upon the present appeal.

ID.—RECONVEYANCE BY TRUSTEES TO HUSBAND—MESNE CONVEYANCE FROM HUSBAND TO DEFENDANT—RIGHT OF WIFE TO SUE FOR HOMESTEAD.—Where the trustees reconveyed the property to the husband who, by his sole deed, conveyed the homestead premises to a third party, who quitclaimed the same to the defendant, the wife is en-

titled, under section 370 of the Code of Civil Procedure, to sue alone concerning "her right or claim to the homestead property."

ID.—Form of Action—Cancellation of Deeds and Quieting Title to Homestead.—The form of the action to cancel the deeds affecting the homestead right of the plaintiff and to quiet plaintiff's homestead title to the property involved does not affect her right to sue alone under section 370 of the Code of Civil Procedure.

ID.—Husband not Shown to be a Necessary Party to the Action.— Where there is nothing in the pleadings showing that the husband was a necessary party defendant to the action, and the action had been dismissed as to him as defendant, on a former trial, a motion by defendant to restore him as a party was properly denied. He was not required to be joined as a party coplaintiff, the plaintiff being clearly entitled to sue alone.

ID.—Tender of Issue as to Validity of Homestead.—The mere fact that the defendant tendered an issue as to the validity of plaintiff's claim to a homestead title does not render the action any the less one concerning her right or claim to the homestead property under the code provision.

ID.—Construction of Code—Plaintiff not Bound to Establish Right Before Suit.—Section 370 of the Code of Civil Procedure is not to be construed as requiring the wife, as plaintiff, first to establish a valid homestead right before she can sue alone.

ID.—Right of Wife to Sue not Dependent upon Sufficiency of Complaint.—Although the right of the wife to recover in the action depends upon the fact that the land is covered by a valid claim of homestead, and it does not so appear in the complaint, it does not state a cause of action; yet the right of the wife to sue alone concerning "her right or claim to the homestead," under section 370 of the Code of Civil Procedure, does not depend on the sufficiency of the complaint or her right finally to recover in the action.

ID.—Sufficient Cause of Action Stated—Valid Claim of Homestead by Wife.—Where the complaint by the wife, besides the other elements constituting her cause of action, shows a valid homestead declaration executed by her in due form, as a married woman, upon the community property expressly made for the joint benefit of herself and her husband, which expressly states that the husband has made no declaration of homestead, and that the actual cash value of the homestead property claimed is the sum of $1,500, a sufficient cause of action is stated, entitling the plaintiff to the relief asked for, in the absence of any counter showings sufficient to overcome its claims.

ID.—Wife's Claim of Homestead Coextensive in Value with Possible Claim of Husband.—The wife's claim of homestead upon the community property, made as authorized under section 1262 of the Civil Code, constitutes the identical selection which the husband could

have made, and is not limited to the sum of $1,000 under section 1260 of the code, but may extend to the full limit of $5,000 which the husband, as head of the family, could have made had he declared a homestead to that extent.

ID.—PROPER REFUSAL TO ALLOW AMENDMENT OF ANSWER—PAROL PROOF OF ABANDONMENT OF HOMESTEAD.—It was proper for the court to refuse to allow an amendment to the answer, as a basis for parol proof that the homestead was intended to be forever abandoned by the husband and wife at the time of the execution of the deed of trust. The deed of trust is unambiguous and speaks for itself, and its legal effect is to limit the abandonment to the purposes of the trust.

ID.—PAROL EVIDENCE PROPERLY EXCLUDED—INTENTION OF PLAINTIFF.— Parol evidence that plaintiff at the time of the execution of the deed of trust orally declared to the party from whom the loan was negotiated that she intended forever to abandon the homestead premises was properly excluded.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

R. L. Beardslee, and O. B. Parkinson, for Appellant.

J. A. Plummer, for Respondent.

HART, J.—The purpose of this action is to obtain a decree canceling and annulling certain deeds, together with the records thereof, purporting to convey certain real property situated in the county of San Joaquin, and to quiet plaintiff's title to said property. Plaintiff was given judgment, and this appeal is brought here by the defendant from said judgment and the order denying his motion for a new trial.

This is the second trial of the cause, the judgment rendered and entered at the first trial having been reversed on appeal by the supreme court and the cause returned to the court below for retrial. (*MacLeod* v. *Moran,* 153 Cal. 97, [94 Pac. 604].) In the language of the opinion of the supreme court on that appeal, written by Mr. Justice Angellotti, we present the facts as follows:

"The real property involved was community property, having been acquired by plaintiff's husband, A. K. MacLeod, after

their marriage and by their joint efforts, and was their family home. It was regularly selected as a homestead by plaintiff on May 3, 1902. In January, 1904, the deed of trust was executed and acknowledged by plaintiff and her husband, and recorded in the office of the county recorder. By this instrument, the husband and wife purported to grant, bargain, sell, etc., the land in question to M. L. Sims and C. L. Flack in trust, as security for the payment of $450 with interest, to one Mary E. Sims. The trust deed was in the form ordinarily used for such instruments when given as security for the payment of a debt, authorizing the trustees, among other things, to sell the property at public auction in the event of default in the payment of principal or interest, to execute and deliver a deed on such sale, and to appropriate such portion of the proceeds of sale as was necessary to the payment of the debt and costs. It was provided therein that if the makers of the deed paid at maturity all sums secured thereby, the trustees 'shall reconvey all the estate in the premises aforesaid to them by this instrument granted unto the said A. K. MacLeod, or his assigns, at his request and cost.' Immediately following the description by metes and bounds of the property conveyed was the following: 'And also all the estate, interest, claim and demand, as well in law as in equity, which the said parties of the first part may have or may hereafter acquire of, in and to the said premises, with the appurtenances, hereby expressly abandoning all right of homestead in and to said premises.' On March 23, 1904, there was executed and acknowledged by the trustees and recorded, a reconveyance of the property to said A. K. MacLeod, it being recited therein that all the indebtedness secured by the deed of trust had been paid. On the same day said A. K. MacLeod executed and delivered a deed of conveyance purporting to convey the property to one Edward Studivan, but plaintiff did not join therein. Subsequently Studivan executed and delivered to defendant Joe Moran a quitclaim deed of the property.''

The only point involved and decided in the first appeal was whether the trust deed referred to constituted an abandonment of the homestead regularly selected by plaintiff prior to the execution of said trust deed in accordance with the terms of the several sections of the Civil Code relating to the subject of the selection and abandonment of homesteads. The court

11 Cal. App.—40

held that the effect of said trust deed "amounted to nothing more than an express abandonment *to the trustees,* for the purposes of the trust, of all claim of homestead," and that upon the payment of the debt, to secure which the trust deed was executed, the trustors were restored to all the estate with which the property was impressed at the time of the execution of said deed. The decision of the point by the supreme court adversely to the contention of appellant with regard to the effect of the provisions of the trust deed upon the homestead declared and recorded by plaintiff before the execution of said deed necessarily eliminates that question as a subject of discussion here.

But there are some additional points presented on this appeal.

1. It is claimed that the court erred to the prejudice of the defendant in refusing to grant his motion to restore A. K. MacLeod, husband of plaintiff, as a party defendant to the action. It appears that, at the first trial, MacLeod was made a defendant, but that the court dismissed the action as to him.

There is nothing in the pleadings showing that MacLeod was and is a necessary party defendant. But counsel for the defendant make the point here that the motion should have been granted because the plaintiff, as they contend, is without authority to sue without joining her husband as plaintiff. The complaint discloses the relationship between the plaintiff and MacLeod to be that of husband and wife, and if appellant desired to make the point here contended for in the court below, he should have done so by demurrer. (Code Civ. Proc., sec. 430.) Assuming, however, that he could accomplish the same object by a motion, he failed to proceed properly, for he only asked that MacLeod be made a defendant.

But the point is untenable in any event. Section 370 of the Code of Civil Procedure provides that "when a married woman is a party, her husband must be joined with her, except: 1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue alone."

The contention of the appellant is that this is not an action involving a right or claim to the homestead; but that it is "an action to determine whether or not the property is impressed with a valid homestead." The suggested distinction is one

without a difference, so far as plaintiff's right to sue alone is concerned. The action here is one to quiet plaintiff's homestead title to the property involved. The mere fact that the defendant tendered an issue challenging the validity of plaintiff's claim to a homestead title does not render the action any the less one concerning her "right or claim to homestead property." But counsel go so far as to declare that before the wife can sue alone it must first be "established that there is or was a valid homestead." There is nothing in the language of section 370 of the Code of Civil Procedure which furnishes the slightest ground for such a construction. Manifestly, it is essential, in an action of this character by the wife, that it be shown that the land involved is covered by a valid declaration of homestead, otherwise a cause of action is not stated. But in such case, while a demurrer to the complaint for want of sufficient facts would be sustained, it could not be doubted that the wife was authorized to sue alone, it appearing that the action concerned her *right* or *claim* to homestead property. The *right* of the wife to a homestead is given to her by the provisions of the Civil Code, while section 370 of the Code of Civil Procedure invests her with the right to sue alone in an action involving or concerning her homestead right or claim. In other words, the right to a homestead resides in her whether she exercises the right or not, but if she does exercise it, or, attempting to do so, fails because of the omission to observe some of the requirements and formalities prescribed by law and essential to a valid accomplishment of that purpose, she is, nevertheless, entitled to sue alone in an action concerning her right or claim to homestead property. As before stated, her complaint might be bad because of a failure to state a cause of action, but that fact cannot take from her or impair her right, given by the statute, to sue alone in such action.

These views are not in conflict, but we think fully harmonize with the cases in this state. (See *Tappendorff* v. *Moranda,* 134 Cal. 421, [66 Pac. 491]; *Hart* v. *Church,* 126 Cal. 471, [77 Am. St. Rep. 495, 58 Pac. 910, 59 Pac. 296]; *Prey* v. *Stanley,* 110 Cal. 423, [42 Pac. 908]; *Mauldin* v. *Cox,* 67 Cal. 390, [7 Pac. 804].) But the complaint here states a cause of action, entitling plaintiff to the relief prayed for in the absence of a counter showing sufficient to overcome its claims.

2. Appellant makes the point that the homestead is invalid for the reason that it appears on the face of the declaration that the property sought to be so impressed exceeds in value the sum of $1,000. The point arises on the ruling of the court excluding as evidence the declaration of homestead, which was offered by appellant to show the value of the homestead to be in excess of $1,000. Section 1260 of the Civil Code provides: "Homesteads may be selected and claimed: 1. Of not exceeding $5,000 in value by any head of a family; 2. Of not exceeding $1,000 in value by any other person."

The value of the property involved here, as designated in the declaration of homestead, is $1,500.

The argument is that the wife is not the "head of a family" within the meaning of that phrase as used by the code section; hence she was not authorized to cover property exceeding the sum of $1,000 in value with a homestead.

The homestead declaration filed by the plaintiff states, as is required by the law, that the declaration is made "for the joint benefit of myself and husband," further declaring that plaintiff's husband has not made a declaration of homestead. We have been pointed to no case which holds that the wife, in exercising her homestead rights under such circumstances, is limited by the law to the appropriation for that purpose of property not exceeding in value the sum of $1,000. And we think that no such conclusion can be deduced from a reasonable construction of the code sections appertaining to the subject of homesteads.

Section 1262 of the Civil Code reads: "In order to select a homestead, the husband or other head of a family, or in case the husband has not made such selection, *the wife* must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead, and file the same for record."

Section 1263 of said code provides that it must appear from the declaration of homestead that the person making it is the head of a family, or, when the declaration is made by the wife, it must contain a statement "showing that her husband has not made such declaration, and that she therefore makes the declaration for their *joint benefit*."

The language of the foregoing sections is not so obscure as to render their meaning doubtful or to becloud the evident

object the legislature had in view when enacting them. Section 1262, it seems to us, is very clear upon the proposition that the legislature intended by said section to provide for the wife and children against the contingency which would arise by reason of the neglect or refusal of the husband, as the head of the family, to take advantage of the homestead laws, which were enacted as well for the benefit of the wife and children as of the husband. The distinction made by the legislature between the two classes of persons entitled to homestead exemption is, it is very clear, based upon the fact that upon those of the one class there are others depending for support and maintenance, while those of the other class have no such responsibilities. But, aside from the reasons which give rise to homestead laws and to the division of those entitled to the benefits thereof into two classes, it may again be suggested that the language of section 1262 could hardly be made plainer, upon the proposition that it was the intention of the legislature that where the husband, as the head of the family, has not made *"such* selection,'' the wife herself may make the very same selection. This obviously correct construction of said section is strengthened, if, indeed, the construction needs fortification, by the provision of section 1263 that where the wife makes the selection, the declaration must contain a statement ''showing that her husband has not made *such* declaration, and that she, therefore, makes *the* declaration for their *joint benefit.''* In other words, the section in effect provides that the husband having neglected or refused to make the selection which he was entitled to make as the head of the family, his wife may make the identical selection for him for their joint benefit. No reason can be suggested why the legislature, in authorizing the wife to make a homestead selection where the husband fails or refuses to do so, intended to confine her, in the exercise of the right, to a homestead to which those only would be entitled who select, not for the protection of a family, but for their own individual benefit.

The case of *Reid* v. *Englehardt*, 126 Cal. 527, [77 Am. St. Rep. 206, 58 Pac. 1063], cited by appellant in support of his position, does not hold that the homestead selected by the wife in lieu of a selection by the husband, where the latter fails to make such selection, must be limited in value to $1,000, nor is there even any intimation in the opinion in that case

that such is the law. The declaration of homestead was there declared to be void because it did not appear on the face thereof that all the essential formalities and conditions had been complied with in the attempted exercise of the right to select a homestead. There was no statement in said declaration indicating or showing that the party filing it was the "head of a family." The court, among other things, said: "Although it is stated that the claimant is married, it does not appear whether the person who made this statement is husband or wife. . . . If 'R. M. Reid' be the wife, the declaration is defective in not showing that her husband had not previously made the declaration. If that be the name of the husband, the declaration is defective in not 'showing' that he is the head of a family." The foregoing is the substance of all that is decided in that case, and if any inference may be drawn from the language as to the opinion of the court upon the question of the value of the homestead which the wife is entitled to select in the place of her husband, who has neglected or refused to make a selection, it is that the homestead thus selected may be of the value of $5,000.

There is no claim here that all the essential requirements of the statute, apart from value, have not been observed. Nor could any such claim be sustained, for the declaration, as seen, shows that the plaintiff is a married woman; that her husband has not made a selection, and that her selection is made for the joint benefit of herself and husband.

The ruling of the court against the admission of the declaration of homestead for the purpose stated was not erroneous.

3. It is next urged that the court erred by its refusal to permit the defendant to amend his answer during the course of the trial. The substance of the proposed amendments was (adopting the language of counsel for the appellant used in their brief) "that said plaintiff and her said husband then and there agree (at the time of the execution and delivery of the trust deed) in and by such instrument and the provisions therein contained, did intend to forever abandon said homestead."

The manifest object of the proposed amendments was to open the door for the introduction of parol proof of the intention of the plaintiff and her husband with respect to the effect of the trust deed upon their homestead. In fact, coun-

sel offered to prove that the party from whom was borrowed the money to secure repayment of which the deed was made and delivered declared at the time of the execution of the instrument that she would not make the loan unless plaintiff and her husband abandoned for all time the homestead, and that thereupon the latter did declare their intention of so doing and executed said deed with that intention.

In support of their contention upon the point under consideration, counsel invoke sections 1856 and 1860 of the Code of Civil Procedure and certain sections of the Civil Code involving rules for the construction and interpretation of written instruments and contracts. These sections of the codes have no application here. The deed of trust is unambiguous and speaks plainly for itself. Besides, the opinion of the supreme court in this cause (*MacLeod* v. *Moran,* 153 Cal. 97, [94 Pac. 604]) conclusively answers the contention. There, as we have shown, the court very clearly construes the effect of the instrument upon the homestead rights of the plaintiff, and holds that the deed of trust affected the homestead only to the extent that it expressly abandoned "all right of homestead in and to said premises" *to the trustees,* for the purposes of the trust, and that the purposes of the trust having been accomplished and the title of the trustees having ceased, upon the payment of the debt to secure which the trust was created, the whole title was thus left "in the grantor in whom it was vested at the execution of the trust deed." The court's ruling disallowing the proposed amendments to the answer was proper, as were also its rulings excluding testimony offered for the purpose of showing that, contemporaneously with the execution of the trust deed, the plaintiff declared orally to the party with whom she negotiated the loan that, by the trust deed, she intended to forever abandon the homestead on the premises in dispute. Of course, the party from whom the money was borrowed naturally desired that the title to the entire estate should be conveyed to the trustees so that her security for the return of her money would in no degree be impaired, and this is exactly what they received under the deed. In other words, as to the trustees, the homestead was abandoned, and this was all that was required and effected for the purposes of the trust.

We have noticed all the points presented on this appeal, and are unable to discover any tenable reason for interfering with the conclusions reached upon the legal propositions involved by the trial court.

The judgment and order appealed from are accordingly affirmed.

Chipman, P. J., and Burnett, J., concurred.