[Civ. No. 2982.  Third Appellate District.—September 11, 1925.]

EDWARD BONE, Respondent, v. P. J. DWYER et al., Defendants; ELIZABETH L. DWYER, Appellant.

[1] COMMUNITY PROPERTY—CONVEYANCE BY HUSBAND—QUIETING TITLE —INTEREST OF WIFE—MAINTENANCE JUDGMENT—EVIDENCE.—In this action to quiet title to certain real property to which plaintiff obtained a deed after paying the balance due under a contract of purchase entered into between the former owner, as vendor, and defendant husband, as vendee, and which contract the latter had assigned to plaintiff, a judgment for maintenance, against defendant husband and in favor of defendant wife, and in which the property in question, had been set aside absolutely for the uses and purposes of the wife, and which judgment purported to grant and confirm to the wife the title to said premises for her maintenance and support, was admissible for the purpose of supporting her claim to the premises and also in support of her title to maintain an action for the possession thereof and to have her title thereto, if any, quieted.

[2] ID.—ABSENCE OF WIFE'S SIGNATURE—INTEREST CONVEYED—RIGHT OF WIFE TO MAINTAIN ACTION.—In such action, the pleadings and

---

2.  See 5 Cal. Jur. 344; 5 R. C. L. 852.

the facts having presented a case calling for the application of section 172a of the Civil Code as though there were no proviso clause therein relating to *bona fide* purchasers in good faith without knowledge of the marriage relationship and to limitation of time as to the maintenance of an action by defendant wife, the transfer or conveyance from defendant husband to plaintiff, in whatever form or words it was made, or purported to be made, not having been signed by defendant wife, was wholly insufficient to assign, transfer or convey to plaintiff an indefeasible interest in and to the contract of purchase, or the real property therein described, and left the right of defendant wife to maintain or defend her interest or title to the premises in the same condition as though the instrument had not been executed.

[3] ID.—COMMUNITY REAL PROPERTY—NECESSITY FOR JOINT CONVEYANCE.—The principle involved in the transfer of community real property, or any interest therein, by the husband, without the signature of the wife when uncontrolled or limited by the good faith and time clauses of section 172a of the Civil Code, is similar to that involved in the attempted transfer by the husband of property covered by a homestead, under which the husband and wife must both join in the conveyance and must both acknowledge the same.

[4] ID.—EXPECTANCY OF WIFE—RIGHT TO ENFORCE INTEREST.—The fact that the interest of the wife in community real property is in the nature of an expectancy cannot be held to limit the effect, or bar the right of the wife to defend an action wherein her rights to the premises are called in question, or to maintain an action for the enforcement of the same; and under section 172a of the Civil Code, whatever her interest may be, it is a tangible, enforceable interest, and is not dependent upon the maturity of what has been defined as her expectancy in community property.

[5] ID.—TIME OF ACQUISITION—PRESUMPTION OF COMMUNITY PROPERTY. The interest of the defendants in the real property in question having been acquired approximately five years after the adding of section 172a of the Civil Code, and also approximately nineteen years after the relation of husband and wife between defendants was created, the presumption necessarily follows that the interest of the defendants in and to the property was community property.

---

(1) 34 C. J., p. 1054, n. 44.    (2) 31 C. J., p. 36, n. 60, p. 124, n. 75 New, p. 126, n. 30.    (3) 31 C. J., p. 124, n. 68.    (4) 31 C. J., p. 79, n. 29, p. 80, n. 80 New.    (5) 31 C. J., p. 47, n. 81, p. 48, n. 82.

3.  See 13 Cal. Jur. 491.
4.  See 5 Cal. Jur. 331.
5.  See 5 Cal. Jur. 311; 5 R. C. L. 844.

APPEAL from a judgment of the Superior Court of San Joaquin County. C. W. Miller, Judge. Reversed.

The facts are stated in the opinion of the court.

A. H. Carpenter for Appellant.

Foltz, Rendon & Wallace for Respondent.

PLUMMER, J.—On the nineteenth day of October, 1923, the plaintiff commenced this action to quiet title to lots numbered 162 and 172 of Burkett Acres Community, according to the official map thereof on record, etc., situate in San Joaquin County. The plaintiff had judgment and the defendant Elizabeth L. Dwyer appeals. The complaint alleges that ever since the second day of September, 1903, the defendants P. J. Dwyer and Elizabeth L. Dwyer have been and now are husband and wife. It appears from the record in this case that on or about the fifteenth day of July, 1922, an agreement of purchase and sale was entered into between Mrs. Maria E. Lindahl, a widow, the then owner of said lots, and P. J. Dwyer, one of the defendants herein, whereby it was agreed that upon payment of the sum of $1,100 and the assuming by the purchaser of a lien upon said premises in the sum of $1,400, created by a deed of trust theretofore executed by the owner of said lots the said Mrs. Lindahl would convey to the said P. J. Dwyer the premises hereinbefore described; that at the time of the execution of said agreement for the purchase and sale of said premises, there was also executed and placed in escrow with one W. C. Ramsey a grant, bargain and sale deed of said premises conveying the same by the said Mrs. Lindahl to the said Dwyer. By the terms of the agreement of sale $500 was paid in cash and $600 to be paid as follows: $50 a month until the full sum of $600 should have been paid and that upon the payment of said remaining $600, in the manner provided for, the deed left in escrow with W. C. Ramsey was to be delivered to the defendant P. J. Dwyer. It further appears that the said P. J. Dwyer thereafter paid the further sum of $150, leaving an unpaid balance of said purchase price of the sum of $450. It further appears that at a subsequent time, the exact date of which does not appear in the tran-

script, the said P. J. Dwyer assigned and transferred his interest in said agreement to the plaintiff Edward Bone. It does not appear from the transcript in just what form this assignment or transfer was made by the said P. J. Dwyer to the plaintiff Edward Bone, or the consideration, if any, paid therefor, but it does appear without any contradiction that his wife Elizabeth L. Dwyer was not a party thereto and did not join in any transfer, assignment or conveyance of said contract or of any interest therein, or of any interest in and to the real estate hereinbefore described. After the assignment to him by the defendant P. J. Dwyer, the plaintiff completed the payment of the sum of $450 to Maria E. Lindahl, whereupon the deed delivered in escrow, purporting to convey the described premises to the defendant P. J. Dwyer was delivered to the plaintiff, or rather to the plaintiff's wife, and was by the plaintiff filed for record in the county recorder's office of the county of San Joaquin on the fifteenth day of August, 1923. This deed was recorded by the plaintiff under the impression that it conveyed the premises to himself. Thereafter, and upon the discovery that the grantee named in said deed was the defendant P. J. Dwyer, a subsequent deed was executed by the said Maria E. Lindahl purporting to convey the same premises to the plaintiff Edward Bone, and this deed was recorded at the request of the plaintiff in the office of the county recorder of San Joaquin on the eleventh day of October, 1923. After these transactions had been had, the plaintiff instituted this action to quiet his title thereto and cancel the deed executed by Maria E. Lindahl to the defendant P. J. Dwyer, the court entered a decree and judgment to that effect.

[1] Upon the trial of the action the defendaint P. J. Dwyer disclaimed all interest in the premises, the defendant Elizabeth L. Dwyer, by answer and cross-complaint, alleged ownership in and to the said premises and prayed a judgment and decree of the court establishing her rights and title therein. Upon the trial of the action the defendant, in support of her title and the right to maintain her action to said premises, sought to introduce a judgment and decree of the superior court of San Joaquin County prosecuted by herself against her husband P. J. Dwyer for maintenance and in which action the said premises had been set aside absolutely for the uses and purposes of said Elizabeth L. Dwyer, and

which judgment purported to grant and confirm to said Elizabeth L. Dwyer the title to said premises for her maintenance and support, subject only to the deed of trust heretofore referred to in this opinion. The admission of this judgment and decree in evidence was objected to on the ground that the plaintiff was not a party to the action. The court sustained this objection. The judgment and decree in question was clearly admissible for the purpose of supporting the claim of Elizabeth L. Dwyer to said premises and also in support of her title to maintain an action for the possession thereof and to have her title thereto, if any, quieted. The theory upon which the action was tried, as indicated by the statement of counsel for plaintiff and by the findings and judgment of the court, was that the defendant Elizabeth L. Dwyer had no claim to said premises other than by first showing that the defendant P. J. Dwyer had obtained a title thereto, or owned an interest therein, and that, as he had assigned all of his interest, there was nothing upon which the defendant Elizabeth L. Dwyer could predicate any claim or title to said premises. In following this theory counsel and court appear to have overlooked entirely the provisions of section 172a of the Civil Code. That section was added by the statutes of 1917 (Stats. 1917, p. 829), and at the time of the transactions hereinbefore had, and prior to the amendment thereof in 1925 (Stats. 1925, p. 84), which is immaterial here, is as follows:

"The husband has the management and control of the community real property, but the wife must join with him in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered; provided, however, that the sole lease, contract, mortgage or deed of the husband, holding the record title to community real property, to a lessee, purchaser or encumbrancer, in good faith without knowledge of the marriage relation shall be presumed to be valid; but no action to avoid such instrument shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situate."

[2] By the terms of that section, which, as applied both to the pleadings and the facts in this case, must read as though there were no proviso clause therein, or limitation of

time as to the maintenance of an action by the appellant, the original conveyance or transfer by the defendant P. J. Dwyer to the plaintiff Edward Bone, in whatever form or words it was made, or purported to be made, was wholly insufficient to assign, transfer or convey to the plaintiff an indefeasible interest in and to said contract, or the real property therein described. Under the facts of this case, the wife, not having joined her husband in the execution of the transfer and conveyance, under the terms of the section to which we have referred, the right of the wife to maintain or defend her interest or title to the premises was left in the same condition as though the instrument had not been executed. It appears from the testimony that the instrument by which it was attempted to convey the title to the premises by P. J. Dwyer to the plaintiff Edward Bone has been destroyed, and the testimony in relation to its terms is so indefinite that nothing further can be concluded than that there was a written agreement concerning the purchase and sale of said premises, the execution of a deed to be left in escrow, and a subsequent attempted conveyance or assignment to the plaintiff by the defendant P. J. Dwyer. This agreement was not recorded, and no knowledge of the attempted transfer or conveyance or assignment executed by the defendant P. J. Dwyer was ever brought home to the knowledge of the defendant Elizabeth L. Dwyer. It further appears from the testimony that all the right, title and interest of the dedefendant P. J. Dwyer and Elizabeth L. Dwyer in and to said contract, and in and to the said premises, was community property. The plaintiff's complaint also alleged the fact of the existence of the marriage relation between P. J. Dwyer and Elizabeth L. Dwyer as dating from the year 1903. There is nothing in the record which shows that the plaintiff is entitled to hold under that portion of section 172a Civil Code, which protects a purchaser or encumbrancer, in good faith, without knowledge of the marriage relation, where the record title to the premises stands in the name of the husband. The pleadings negative such claim. It is thus apparent that this case comes within the terms of section 172a, Civil Code, as though it ended with the word "provided." The case of *Rice* v. *McCarthy*, 73 Cal. App. 655 [239 Pac. 56], had to do with the transfer of real property, where the good faith clause of said section was

involved, and in such cases the section explicitly provides that the lease, contract, mortgage or deed shall be presumed to be valid. In the case at bar, there is absolutely no such presumption mentioned in the section as applied to the facts contained in the record. The law applicable to the facts of this case, as set forth in section 172a, of the Civil Code is: "The husband has the management and control of the community property but the wife must join with him in executing any instrument by which such community real property, or any interest therein, is leased for a longer period than one year, or is sold, conveyed, or encumbered."

[3] The principle involved in the transfer of community real property, or of any interest therein, by the husband, without the signature of the wife when uncontrolled or limited by the good faith and time clauses of the section, is similar to that involved in the attempted transfer by the husband of property covered by a homestead. Section 1243 of the Civil Code, provides the manner in which such property may be conveyed. The husband and wife must both join in the conveyance and must both acknowledge the same. (*MacLeod* v. *Moran,* 153 Cal. 97 [94 Pac. 604], also reported on second appeal in 11 Cal. App. 622 [105 Pac. 932].) Prior to its amendment the state of Idaho had a statute (Comp. Stats., sec. 4666), which provided that a transfer or assignment of any interest in community real estate occupied as a home or residence must be signed and acknowledged by both husband and wife in order to convey the same. That an instrument wanting the signature or acknowledgment of the wife conveys no such interest, was so held in the following cases: *McKenney* v. *Merritt,* 35 Idaho, 600 [208 Pac. 244]; *Kohny* v. *Dunbar,* 21 Idaho, 258 [Ann. Cas. 1913D, 492, 39 L. R. A. (N. S.) 1107, 121 Pac. 544]; *Myers* v. *Eby,* 33 Idaho, 266 [12 A. L. R. 535, 193 Pac. 77].

Since the decision rendered in the above cases section 4666 of the Compiled Statutes of Idaho, 1919, has been amended to read as follows: "The husband has the management and control of the community property . . . but he cannot sell, convey or encumber the community real estate unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance by which the real estate is sold, conveyed or encumbered." Following the terms of the statute as amended, the supreme court, in *Hart* v. *Turner,*

74 Cal. App.—24

39 Idaho, 50 [226 Pac. 282], decision rendered May 5, 1924, has held a contract for the sale of community real property not signed and acknowledged by both husband and wife is invalid. The wording of the Idaho statute, as amended, is identical with the substance of that portion of section 172a of the Civil Code applicable to this cause. [4] It is true that the supreme court of Idaho has held that the wife has no ownership in the community property, while in this state it is held that the interest of the wife in such property is in the nature of an expectancy, but this definition of the wife's interest cannot be held to limit the effect, or bar the right of the wife to defend an action wherein her rights to the premises are called in question, or to maintain an action for the enforcement of the same. Any other interpretation would read section 172a, Civil Code, out of the codes. Whatever the wife's interest may be, we hold that under the section it is a tangible, enforceable interest, and is not dependent upon the maturity of what has been defined as her expectancy in community property.

The good faith provision and the time limit set forth in section 172a of the Civil Code, not being involved in this action, it is immaterial to a determination herein whether the last clause be read as evidencing an intent of the legislature that in all cases involving a transfer of community real property by an instrument unsigned by the wife, shall be held as voidable only, or whether it is only a limit of time in which the wife may maintain her rights. Whether interpreted as meaning void *ab initio* or voidable only, the testimony set forth in the record shows that the appellant was entitled to findings in her favor.

[5] It further appears from the record that the interest of the defendants in and to said lots was acquired approximately five years after the adding of section 172a of the Civil Code, and also approximately nineteen years after the relation of husband and wife is alleged to have been created, and, therefore, the presumption necessarily follows, irrespective of the testimony, that the interest of the defendants in and to the two lots was community property. It may be added that there was nothing in the record to show that the community property which entered into the part payment of the lots made by the defendant Dwyer was acquired by him prior to the adoption of said section 172a, Civil Code. It fol-

lows from what we have said that the findings of the court that the plaintiff was the owner of the premises involved in said action and that the defendant Elizabeth L. Dwyer had no right, title, claim or interest therein, are not supported by the evidence.

The judgment of the trial court must be and the same is hereby reversed.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 10, 1925, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1925.

All the Justices concurred.