[L. A. No. 8911. Department Two.—December 19, 1927.]

MARY E. SPENCER, as Administratrix, etc., Appellant, v. THOMAS M. STEWART et al., as Executors, etc., Respondents.

[1] HOMESTEADS — RIGHT OF WIFE TO DECLARE — VALUE — SECTIONS 1260–1262, CIVIL CODE.—Under sections 1260–1262 of the Civil Code the wife has a right to declare a homestead on appropriate property to the value of five thousand dollars, when the husband has not made the selection.

[2] ID.—PROPERTY INCLUDED IN HOMESTEAD—EVIDENCE.—The declaration in an ancient declaration of homestead as to the property that is included therein is sufficient evidence as to that question and cannot be overthrown by uncertain and indefinite oral evidence.

[3] ID. — VESTING OF HOMESTEAD IN SURVIVING SPOUSE. — Upon the death of the husband, the title to the community property upon which the wife had declared a homestead while living with her husband upon the property vested immediately in the widow without any order setting apart the homestead and without the necessity of administration.

(1) 29 C. J., p. 814, n. 5.    (2) 29 C. J., p. 821, n. 64.    (3) 29 C. J., p. 1029, n. 31.

APPEAL from a judgment of the Superior Court of Los Angeles County. C. P. Vicini, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Will D. Gould for Appellant.

Stewart & Stewart for Respondents.

SHENK, J.—This is an appeal by the plaintiff from a judgment in favor of the defendants in an action to quiet title to real property. The complaint was filed in December, 1924, by plaintiff as administratrix with the will annexed of the estate of William Hobbs, deceased, against the defend-

1.  See 13 Cal. Jur. 444.
3.  See 11 Cal. Jur. 554, 567; 13 Cal. Jur. 527.

ants as executors of the last will and testament of Anna Hobbs, deceased, to determine which of the two estates has legal title to the real property in question. A sale of the property to one Bosbyshell for the sum of $7,650 had been confirmed by the probate court in the matter of the estate of William Hobbs, when a formal transfer was delayed by reason of what was claimed by the prospective buyer to be a defect in or a cloud on the title occasioned by an unrevoked declaration of homestead filed by Anna Hobbs in 1877, when she and William Hobbs were husband and wife and were residing on lots 1, 2, and 7 in block 3 of the Sanchez Tract in the city of Los Angeles. The property was community property and was declared to be of the value of $5,000. The declaration recited that the husband "has not made any declaration of homestead." In January, 1880, William Hobbs, the husband, died, leaving a will wherein he devised and bequeathed all of his property to his wife, Anna Hobbs. Thereafter Anna Hobbs lived on the property, paid all taxes, etc., and at the time of her death in January, 1911, was still possessed of lot 7, which is the subject of the controversy. Anna Hobbs' will left possession of all of her property to Mary E. Spencer, a granddaughter of William and Anna Hobbs, until the property should be sold, when the proceeds were to be divided one-fourth to her and the balance to other heirs as provided in the will. Anna Hobbs' will, appointing Stewart and Adams the executors thereof, was admitted to probate on July 19, 1911, and the will of William Hobbs, who had died in 1880, was admitted to probate on January 11, 1912. Mary E. Spencer enjoyed possession of the property and received the rents therefrom from 1911 to the time when this action was brought, and so far as the record shows nothing further was done in either of these estates until about that time. The trial court found in favor of the defendants, adjudged the declaration of homestead to be valid and subsisting at the time of the death of William Hobbs and quieted the title to the property in the estate of Anna Hobbs.

[1] Appellant's first contention is that the declaration is invalid on its face. It is claimed that the law did not and does not allow the wife, while living with her husband, to declare a homestead on a dwelling in excess of $1,000

in value. This contention of appellant is without merit inasmuch as the provisions of the Civil Code (secs. 1260–1262) have been construed to accord to the wife the right to declare a homestead on appropriate property to the value of $5,000 when the husband has not made the selection. (*Macleod* v. *Moran,* 11 Cal. App. 622 [105 Pac. 932]; 13 Cal. Jur., p. 444.)

[2] The next contention is that the court on the evidence should have found that the homestead did not cover lot 7. The declaration included this lot, but it is insisted that it was improperly included. Plaintiff attempted to prove by the oral testimony of old residents in the neighborhood that William and Anna Hobbs lived in the dwelling on lots 1 and 2, but did not live on lot 7. All those lots were adjoining and the oral evidence was too indefinite and uncertain to overthrow the solemn statement of the ancient declaration. In view of this uncertainty on the part of plaintiff's testimony the declaration itself was sufficient evidence upon which the trial court could make its finding that lot 7 was included in the homestead.

[3] Upon the death of William Hobbs in January, 1880, the title to the homestead vested immediately in Anna Hobbs, the surviving wife, without any order setting apart the homestead and without the necessity of administration. (*Estate of Shirey,* 167 Cal. 193, 195 [138 Pac. 994]; *Williams* v. *Williams,* 170 Cal. 625, 628 [151 Pac. 10]; 11 Cal. Jur., p. 567 et seq.; 13 Cal. Jur., p. 526 et seq.) The title to lot 7, being so vested, remained in the surviving spouse until her death in January, 1911, and was subject to administration in her estate by proceedings culminating in the admission to probate of her will in July, 1911. There was therefore no necessity or propriety in subsequent proceedings to administer the estate of William Hobbs for the purpose of the disposition of the homestead. Whatever appropriate method might otherwise have been taken to show of record the death of William Hobbs and thus permit the certification of the title to the homestead in Anna Hobbs or her estate need not be discussed. It is enough here to say that the issues framed in this proceeding to quiet title, wherein affirmative relief was sought on behalf of the estate of Anna Hobbs, were sufficient upon which to establish that record.

No other point involved in the appeal requires specific notice.

The judgment is affirmed.

Richards, J., and Langdon, J., concurred.