[L. A. No. 9484. Department One.—August 18, 1928.]

ELSIE M. LOGAN, Respondent, v. L. C. THORNE et al., Appellants.

Davis & Thorne for Appellants.

James Westervelt for Respondent.

CURTIS, J.—Action to quiet title to real property. W. G. Logan and Elsie M. Logan were at all of the times herein mentioned husband and wife. On the twenty-seventh day of January, 1919, as such husband and wife, they entered into an agreement with Elmer and Georgia M. Smith, whereby they contracted to purchase said real property from the

Smiths. This agreement was somewhat complicated, but it is not necessary, as we view this case, to set forth the details thereof. Thereafter, and on January 23, 1922, the said W. G. Logan, by a writing signed and acknowledged by him, assigned to his wife, Elsie M. Logan, all his right, title, and interest in and to said agreement. This assignment was not signed by Mrs. Logan. It was signed and acknowledged by her husband but never recorded. The Smiths gave their written assent to this assignment from Logan to his wife, and on May 26, 1923, they conveyed by grant deed said real property to the said Elsie M. Logan as her separate property. On September 7, 1923, said deed was recorded in the office of the county recorder of the county of Los Angeles, in which county the said real property is situated. On December 31, 1925, the appellants L. C. Thorne and the Western Wholesale Drug Company, a corporation, filed an action against W. G. Logan, seeking to recover from him a money judgment, and caused a writ of attachment to be issued therein and levied upon said real property as the property of the said W. G. Logan. The present action was then instituted by Mrs. Logan, claiming to be the sole owner of said real property, to quiet her title against appellants, who claim under said attachment proceedings. In addition to the main question, which we will hereafter consider, the appellants at the trial of said action claimed that the conveyance to plaintiff was a fraud upon the creditors of W. G. Logan and for that reason it should be set aside. The trial court found against appellants upon this claim, and appellants now concede that as there was a conflict of evidence regarding the question of fraud the finding of the trial court thereon is conclusive upon this court, and that the question of fraud has been eliminated from this controversy.

The only question, therefore, involved on this appeal is the validity of the written assignment made by W. G. Logan to his wife, whereby he transferred or attempted to transfer to her his interest in said agreement with the Smiths. Appellants rely upon section 172a of the Civil Code as in force prior to its amendment in 1925, and the case of *Bone* v. *Dwyer*, 74 Cal. App. 363 [240 Pac. 796]. Said section reads as follows: ''The husband has the management and control of the community real property but the

wife must join with him in executing any instrument by which such community real property or any interest therein, is leased for a longer period than one year, or is sold, conveyed, or encumbered; . . . " In *Bone* v. *Dwyer, supra,* Dwyer assigned to Bone his interest in an agreement with one Maria E. Lindahl for the purchase and sale of certain real property, which interest was the community property of Dwyer and wife. The wife did not join in said assignment. Thereafter a deed of said real property was made by the said Lindahl to Bone, the assignee of Dwyer. The action was brought by Bone against Dwyer and wife to quiet his title to said real property, and it was held, quoting from the syllabus, "the transfer or conveyance from defendant husband to plaintiff, in whatever form or words it was made, or purported to be made, not having been signed by defendant wife, was wholly insufficient to assign, transfer or convey to plaintiff an indefeasible interest in and to the contract of purchase, or the real property therein described, and left the right of defendant wife to maintain or defend her interest or title to the premises in the same condition as though the instrument had not been executed." It is quite apparent that the facts in the case of *Bone* v. *Dwyer, supra,* are materially different from those in the present action. In that case the purported conveyance was adverse to the interest of the wife, and was an attempt to deprive her of her rights in the community property. In the present action the assignment or conveyance was in favor of the wife and by it the husband sought to augment her rights and make her the sole owner of the interest in the real property theretofore held by them as husband and wife. Section 172a of the Civil Code was enacted for the protection of the wife and of whatever rights she might have in the community property. There is nothing in said section which would preclude or prevent the husband from making a gift of the community property to his wife without the written consent of the wife. The precise question was before this court in the case of *Kaltschmidt* v. *Weber,* 145 Cal. 596 [79 Pac. 272], where the court in construing section 172 of the Civil Code, prior to its amendment in 1901, used the following plain and significant language: "There can be no doubt that the husband may make a gift of the community property to the wife, and that the effect of such gift will be to trans-

mute it into her separate estate. The provision in section 172 of the Civil Code that he cannot make a gift of community property unless the wife, in writing, consent thereto, is a provision for her benefit and protection, and it has no application to the case of a gift by the husband directly to the wife." The fact that section 172a of the Civil Code was in 1925 amended so as to include the following proviso: "*provided, however,* that nothing herein contained shall be construed to apply to a lease, mortgage, conveyance, or transfer of real property or of any interest in real property between husband and wife," does not in any way change the force or effect of the original section of the code as it stood prior to said amendment. Evidently the legislature out of an abundance of caution enacted this amendment in order to expressly exempt gifts between the spouses from the strict letter of the section of the code thus amended. The amendment did not in fact add anything to or change the real meaning of the section as it stood prior to said amendment. It simply expressly made a part of the section that which, before the amendment, was clearly implied therefrom.

The judgment is affirmed.

Preston, J., and Seawell, J., concurred.