[Civ. No. 3703. Third Appellate District.—April 9, 1929.]

EDNA J. GALLAGHER, Appellant, v. HUGH P. GAL-
LAGHER et al., Respondents.

Horace M. Street for Appellant.

J. C. Webster for Respondents.

MONCUR, J., *pro tem.*—This is an action brought by plaintiff Edna J. Gallagher, wife of defendant Hugh P. Gallagher, against her husband and his two sisters to cancel a deed made by plaintiff's said husband to the two sisters of a two-thirds interest in certain real property in Tuolumne County. Hugh P. Gallagher defaulted. The two sisters answered and obtained judgment, from which plaintiff appeals. The complaint alleges that the property described in the deed sought to be set aside was the community property of plaintiff and her said husband and that said deed was without consideration and was made without plaintiff's con-

sent and was an attempt to make a gift of the said interest in said property to the said sisters. The defendants Rose Rachford and Jane Phillips in their answer to the complaint denied the property was community property and set up as an affirmative defense the following: That Patrick Gallagher and Eliza Gallagher, the father and mother of Hugh Gallagher, Rose Rachford, Jane Phillips and also Henry Gallagher, the latter not being a party to this action, on October 13, 1909, by deed conveyed the property in suit to Hugh P. Gallagher to hold the same in trust; that said Patrick and Eliza Gallagher intended to convey the property to Hugh Gallagher to take and hold a one-fourth interest as his own and to hold in trust a one-fourth interest for his brother Henry and a like interest for each Rose and Jane. Briefly, the facts in the case are as follows: Appellant and Hugh Gallagher married March 18, 1903, and have continued since that time to be husband and wife. All of the property involved belonged to Eliza Gallagher as her separate property except a twenty-acre tract known as the Gallagher placer mine, the latter property being community property of Patrick and Eliza Gallagher. On October 13, 1909, by ordinary form of grant, bargain and sale deed Patrick and Eliza Gallagher conveyed all of the property to Hugh Gallagher. The deed recites a consideration of $2,500. From 1915 to 1920, appellant and Hugh Gallagher were living together, but in a strained and unhappy relation. From 1920 to February, 1925, they lived separate and apart. In March, 1917, Hugh made the deed attacked to his sisters. It was made without appellant's knowledge or consent. Appellant and Hugh Gallagher became reconciled after a serious illness of appellant in February, 1925. Appellant did not know of the deed sought to be annulled herein until February, 1925; and at the time said deed from Hugh Gallagher to his sisters was made divorce proceedings were in contemplation between said Hugh and his wife. It further appears that prior to Hugh's marriage to appellant he had contributed from time to time amounts for the support of his mother and father and after his marriage he continued to contribute sums from time to time for their support, the total amount of such contribution from Hugh after his marriage to appellant exceeding the sum of $2,200; also the sisters contributed some amounts for the support of their

parents. Eliza Gallagher died September 25, 1913, and Patrick Gallagher died November 19, 1917.

The court found that the property was not community property, but was acquired as a gift from the father and mother by said Hugh. If by the deed of conveyance to Hugh Gallagher a community interest in the property vested in the plaintiff it must have vested by reason of the advances out of their community funds made by Hugh to his parents subsequent to his marriage to plaintiff. However, the testimony clearly shows that there was no understanding of repayment at the times the advancements were made by Hugh to his parents. Under these circumstances what is said in the case of *Crane* v. *Derrick*, 157 Cal. 667, at 672 [109 Pac. 31], seems to be particularly applicable:

"It has been said many times that the question is one that must be determined on the circumstances of the particular case, the question in each case being whether it can reasonably be inferred that pecuniary compensation was in the view of the parties at the time the services were rendered or the support was furnished. (See 21 Am. & Eng. Ency. of Law, 2d ed., p. 1061; *Murdock* v. *Murdock*, 7 Cal. 513; *Friermuth* v. *Friermuth*, 46 Cal. 42, 45.) Our own decisions appear to support the doctrine that to authorize compensation in such cases the circumstances must be such as to warrant the inference that it was the expectation of both parties that compensation should be made. (*Murdock* v. *Murdock*, 7 Cal. 513; *Friermuth* v. *Friermuth*, 46 Cal. 42.) And it is emphatically declared in *Murdock* v. *Murdock*, that it is the expectations of the parties existing while the relation continued that is to control, and that no circumstance occurring afterwards can convert that into an implied contract, that was not so before."

It appears that Hugh was not at home at the time the deed to him was executed by his parents. Mrs. Rachford, Mrs. Phillips and Henry Gallagher all testified that their parents had discussed the matter of the conveyance with them on the day before the conveyance was made and had expressed a desire to convey the property to Rose, their daughter, in trust for all of their children, but that Rose declined to accept the deed to her and suggested that it be made to Hugh. This was done, but the deed was not delivered to Hugh until April, 1913, after his return from

Alaska. So far as Eliza Gallagher is concerned this is the only occasion where she appears to have participated at all in any of the discussions in relation to a disposal of the property. There is a sharp conflict in the evidence as to what occurred between Patrick Gallagher, Rose and Hugh in April, 1913, when the deed was actually delivered to Hugh for recording, but in view of the findings of the trial court this conflict becomes immaterial. ■ It may be remarked here, however, that the expressed intention of Patrick Gallagher and Eliza Gallagher at the time of the execution and delivery of the deed in question as to what they intended by the conveyance should be controlling and any statements made by Patrick Gallagher thereafter to the effect that "he had deeded his property to Hugh to repay him for what he had spent on the place years before" or "I am so sorry I have let Hugh spend so much money on the place; he will never get back all that he has spent on it, although I have deeded everything I own to him" could not affect or control the expressed intention at the time of the conveyance.

■ There is evidence in the record sufficient to support the finding of the court that the conveyance to Hugh by his parents was intended as a gift and as the court also found that by reason of such deed to Hugh the property did not become the community property of plaintiff and Hugh, it is immaterial so far as plaintiff is concerned whether the evidence does in fact establish that the property was conveyed as a gift or in trust to Hugh for all of the children. In either event, the result to plaintiff will be the same. ■ It appears unnecessary to cite any authorities in support of the rule that where evidence is conflicting and that where there is evidence to support the findings of the court such findings should not be disturbed.

■ Respondents urge that plaintiff was not entitled at the time of the commencement of the action to have the deed of the said two-thirds interest set aside even. though the court should determine that the property conveyed thereby was the community property of herself and Hugh. However, we think the question involved herein has been practically set at rest by recent decisions of the courts of this state. It would serve no useful purpose to go at any length into the many decisions of our courts in respect to these matters involved in our community property laws. It

seems sufficient in reference to such rights of a wife to quote the following from the case of *Spreckels* v. *Spreckels,* 172 Cal. 775, at 782 [158 Pac. 537, 539] : "If it confers upon her, during the marriage, any right respecting such gifts, it is nothing more than a right to revoke the gift and, if necessary, sue to recover the property, not as her separate estate, but to reinstate it as a part of the community property, with the title vested in the husband and subject to sale by him as before."

And to quote also from the case of *Bone* v. *Dwyer,* 74 Cal. App. 363, at 370 [240 Pac. 796, 798], as follows: "Whatever the wife's interest may be, we hold that under the section it is a tangible, enforceable interest, and is not dependent upon the maturity of what has been defined as her expectancy in community property."

Section 172a of the Civil Code is the section referred to and while it is true that said section had not been enacted at the time of the transactions involved herein, nevertheless, the effect so far as the application of the above quoted language is concerned must be the same.

It, therefore, appearing that the evidence supports the findings and the judgment and no prejudicial error appearing in the record, it follows that the judgment must be and it is hereby affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.